# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

July 8, 2020

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF**

Honorable Frederic Block
United States District Judge
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*Re: Tanya Asapansa-Johnson Walker, et al. v. Alex M. Azar II, et al.*
   *Civil Action No. 1:20-cv-02834-FB-SMG*

Dear Judge Block:

We represent Plaintiffs Tanya Asapansa-Johnson Walker and Cecilia Gentili in the above-referenced action filed on Friday, June 26, 2020. Plaintiffs intend to file a motion for a preliminary injunction seeking to enjoin the implementation of the United States Department of Health and Human Services' revised health care rule published on June 19, 2020, at 85 Fed. Reg. 37,160 (June 19, 2020) (the "2020 Rule"). The 2020 Rule eliminates explicit protections against discrimination "on the basis of sex" in health care, and specifically threatens the ability of LGBTQ people to access medically necessary, potentially life-saving medical care. Unless enjoined, the 2020 Rule will become effective on August 18, 2020—during one of the worst global pandemics in a century.

Pursuant to Your Honor's Individual Motion Practices and Rules Paragraph 2(A), Plaintiffs respectfully seek permission to file: (i) a Motion for Preliminary Injunction, on an expedited briefing schedule; and (ii) a Motion to Exceed Page Limits. These requests are made for the reasons set forth below.

**Background.** On June 12, 2020—the four-year anniversary of the Pulse nightclub mass shooting that killed 49 people and wounded 53 others—Defendants Alex M. Azar II and the United States Department of Health and Human Services ("HHS") (collectively, "Defendants") announced a proposed final rule that unlawfully removes the statutorily-mandated prohibitions

Honorable Frederic Block
Re: *Walker v. Azar*, Case No. 1:20-cv-02834-FB-SMG
July 8, 2020
Page 2

against discrimination from HHS's prior regulations developed to interpret and apply Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. §18001 *et seq*. ("ACA").  In short, Section 1557 of the ACA, codified at 42 U.S.C. § 18116, bans discrimination "on the basis of sex" by specific reference to the same prohibition in Title IX of The Education Amendments of 1972, 20 U.S.C. § 1681(a).  This includes, according to the prior regulation and other authorities existing at the time the ACA was enacted, prohibitions on discrimination because of gender identity and sex stereotyping.

Nevertheless, Defendants finalized the 2020 Rule a week later, on June 19, 2020, despite the United States Supreme Court's ruling just four days prior in *Bostock v. Clayton Cty., Georgia*, No. 17-1618, 590 U.S. ___, 2020 WL 3146686 (June 15, 2020) that "on the basis of sex" includes one's gender identity, sex stereotyping, and sexual orientation in the context of Title VII of the Civil Rights Act of 1964.  These are the same protections HHS now seeks to remove.

Worse, HHS publicly recognized that "a holding by the U.S. Supreme Court on the meaning of 'on the basis of sex' under Title VII will likely have ramifications for the definition of 'on the basis of sex' under Title IX," because "Title VII case law has often informed Title IX case law with respect to the meaning of discrimination 'on the basis of sex."  85 Fed. Reg. 37,168.  The holding in *Bostock* is consistent with both Congress's intent in passing the ACA and the previous HHS rule recognizing such protections, as published by the prior Administration in 2016.  *See* 81 Fed. Reg. 31,376.

The core purpose of the ACA is to expand access to affordable and quality healthcare to all. *King v. Burwell*, 135 S. Ct. 2480, 2485 (2015) (noting that goals of ACA and insurance reform efforts are to "expand people's access to coverage" and "ensure that anyone who wanted to buy health insurance could do so.").  Defendants' actions evidence a wanton disregard for Congressional intent and Supreme Court precedent in direct contravention of the Administrative Procedures Act, 5 U.S.C. § 551 *et seq*.  They should be stopped.

**Plaintiffs Are Entitled to a Preliminary Injunction**.  Plaintiffs Tanya Asapansa-Johnson Walker and Cecilia Gentili face imminent harm if the 2020 Rule is permitted to go into effect.  As transgender women of color, removal of the ACA's protections against discrimination "on the basis of sex" could result in delays and denials of care leading to adverse health consequences or even death.  Both Plaintiffs suffer from chronic health issues that require access to regular care and also put them at risk of death from COVID-19.  The 2020 Rule places them at risk that a health care provider or insurer will provide them with sub-standard care or even withhold care, treatment, or medications altogether.  As chronicled in Plaintiffs' Complaint for Declaratory and Injunctive Relief, ECF Doc. 1, Plaintiffs' prior experiences show that without regulatory protections, discrimination is highly likely, if not certain.

Here, the public is additionally without question served by preventing unlawful and discriminatory barriers to health care access for all Americans, particularly those most marginalized from society during an ongoing public health crisis.  *See Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010); *New York v. United States Dep't of Commerce*, 351 F. Supp. 3d 502,

Honorable Frederic Block
Re: *Walker v. Azar*, Case No. 1:20-cv-02834-FB-SMG
July 8, 2020
Page 3

673 (S.D.N.Y. 2019) (analyzing the balance of equities and weighing of public interests is performed in tandem when the government is the defendant because "the government's interest *is* the public interest"), *aff'd in part, rev'd in part and remanded sub nom. Dep't of Commerce v. New York*, 139 S. Ct. 2551 (2019), *and appeal dismissed*, No. 19-212, 2019 WL 7668098 (2d Cir. Aug. 7, 2019) (emphasis in original) (citations omitted).

Plaintiffs meet all of the elements for a preliminary injunction: "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund, Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

**Plaintiffs Need Relief Quickly**.  Given the increased risk of irreparable physical harm to Plaintiffs if the 2020 Rule takes effect on August 18, 2020, Plaintiffs respectfully request that the Court set an expedited briefing schedule for their Motion for Preliminary Injunction that provides the parties time to brief and argue the Motion and affords Your Honor time to consider the papers and arguments before the 2020 Rule goes into effect.

**Plaintiffs Need Additional Pages**.  Plaintiffs further respectfully request that the Court permit Plaintiffs to file a Motion to Exceed Page Limits for their opening brief in support of their Motion for a Preliminary Injunction.  The 2020 Rule is complex and lengthy (89 pages) and, as evidenced by Plaintiffs' four separate causes of action, has numerous problems.  Under Section 2(C) of Your Honor's Individual Motion Practices and Rules, Plaintiffs' Memorandum in Support of Plaintiffs' Expedited Motion for Preliminary Injunction is limited to 25 pages.  Given the length and complexity of the 2020 Rule and the number of statutory and constitutional claims on which Plaintiffs intend to seek injunctive relief, Plaintiffs respectfully request permission to file their brief with an additional 10 pages.  Plaintiffs believe that the additional pages will assist the Court in the understanding and adjudication of Plaintiffs' Expedited Motion for Preliminary Injunction by affording an enlargement of pages to explain the compelling facts, law, and issues at stake.

Plaintiffs served their Complaint, Summonses, and other required documents upon Defendants via registered mail on Monday, June 29, 2020.  Service was perfected for Defendants Alex M. Azar II and the United States Department of Health and Human Services on Monday, July 6, 2020, and for United States Attorney General William P. Barr and the United States Attorney's Office for the Eastern District of New York on Tuesday, July 7, 2020.  To ensure timely delivery of this letter, Plaintiffs will serve Defendants via overnight mail.

Counsel appreciates the Court's attention to these requests.

Honorable Frederic Block
Re: *Walker v. Azar*, Case No. 1:20-cv-02834-FB-SMG
July 8, 2020
Page 4


Sincerely,


*/s/ Edward J. Jacobs*
Edward J. Jacobs
Partner

cc: Jason Starr, via email
    Human Rights Campaign
    1640 Rhode Island Ave, NW
    Washington, DC 20036
    Jason.starr@hrc.org

    Alex M. Azar, II, via overnight mail
    c/o the U.S. Department of Health and Human Services
    Hubert H. Humphrey Building
    200 Independence Avenue, S.W.
    Room 120F
    Washington, D.C. 20201

    The U.S. Department of Health and Human Services, via overnight mail
    Hubert H. Humphrey Building
    200 Independence Avenue, S.W.
    Room 120F
    Washington, D.C. 20201

    Richard P. Donoghue, via overnight mail
    U.S. Attorney's Office for the Eastern District of NY
    271-A Cadman Plaza East
    Brooklyn, NY 11201

    William P. Barr, via overnight mail
    U.S. Attorney General
    Office of the Attorney General
    U.S. Department of Justice
    Robert F. Kennedy Building
    950 Pennsylvania Avenue NW
    Washington, D.C. 20530-0001