# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

August 28, 2020

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF**

Honorable Frederic Block
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Re:*  Tanya Asapansa-Johnson Walker, et al. v. Alex M. Azar II, et al., *Civ. No. 20-CV-02834 (FB) (SMG)*

Dear Judge Block:

We are counsel to Plaintiffs in the above-referenced matter. Earlier today, counsel for Defendants filed and served a letter (ECF Docket No. 26) ("Defendants' Letter") requesting a sixty (60) day extension of time for Defendants to answer, move, or otherwise respond to the complaint in this action. Though Plaintiffs agreed to provide Defendants with a 30-day extension by email, a copy of Defendants' Letter was not shared with Plaintiffs' counsel prior to Defendants filing it with this Court. Accordingly, we were surprised to read Defendants' representation of this Court's Order (ECF Docket No. 23), namely that "this Court stayed and enjoined preliminary [SIC] the repeal of <u>certain provisions</u> of HHS' prior rule" and "[b]ecause this Court has stayed and preliminarily enjoined <u>portions</u> of the 2020 Rule, an extension will not prejudice plaintiffs." Defendants' Letter, pg. 1 (emphasis added).

Plaintiffs understand that the 2020 Rule is preliminarily enjoined <u>in its entirety</u>, which is consistent with the relief requested and briefed by Plaintiffs (Memorandum in Support of Plaintiffs' Expedited Motion for Preliminary Injunction, ECF Docket No. 8-1, pgs. 1, 31–32; Reply Memorandum in Support of Plaintiffs' Expedited Motion for Preliminary Injunction, ECF Docket No. 21, pgs. 23–26.) Plaintiffs further understand that the issue of severability, which Defendant's argued in their briefs, will be decided on the merits at a later date.

Atlanta   Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Dallas   Denver   Houston
Los Angeles   New York   Orlando   Philadelphia   San Francisco   Seattle   Washington, DC

Defendants' Letter does not specify which portions of the 2020 Rule they believe are outside the purview of this Court's preliminary injunction. Given that the Defendants' actions in implementing the 2020 Rule were arbitrary and capricious and contrary to the law, and that there are multiple aspects of the 2020 Rule that impact the definitions of "on the basis of sex," "gender identity," and "sex stereotyping," and will cause irreparable harm to Plaintiffs if they are not enjoined, Plaintiffs are concerned that Defendants' vague statements may result in the Government's selective enforcement of the 2020 Rule, which will result in both irreparable harm and unnecessary confusion.

Plaintiffs respectfully request confirmation from this Court that the entirety of the 2020 Rule is enjoined. Plaintiffs are available to provide any additional information necessary that may be of further assistance to this Court.

Very truly yours,


*/s/ Edward J. Jacobs*
Edward J. Jacobs
Partner


cc (via ECF):

Honorable Steven M. Gold
Jason Edward Starr, Esq.
Joshua Rovenger, Esq.
Kathryn M. Zunno, Esq.
Katrina M. Quicker, Esq.
Michael A. Sabella, Esq.
Ryan Harbin, Esq.
Jordan L. Von Bokern, Esq.
William K. Lane III, Esq.