

**United States Department of Justice**
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

September 22, 2020

**BY ECF**

Honorable Frederic Block
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Tanya Asapansa-Johnson Walker, et al. v. Alex M. Azar II, et al.,*
     <u>Civ. No. 20-CV-02834 (FB) (SMG)</u>

Dear Judge Block:

   The Department of Justice represents defendants Alex M. Azar II, in his official capacity as the Secretary of Health and Human Services ("HHS"), and HHS. We write today to respond to Plaintiffs' letter (ECF No. 28) asking this Court to extend its preliminary injunction (ECF No. 23) beyond the terms this Court previously set out.

   In their pursuit of extraordinary preliminary relief, Plaintiffs have never, not even through their most recent letter, attempted to show that there was any flaw in any provision of the 2020 Rule other than the repeal of the definition of discrimination on the basis of sex. Nor have they attempted to show that they will be harmed by any other provision of the rule. Having secured a preliminary injunction against that provision, Plaintiffs are now essentially asking this Court for a windfall injunction without providing any further legal or factual basis. This Court should reject that request.

   First, Plaintiffs cannot show that any alleged error in the promulgation of the 2020 Rule justifies ignoring the regulation's severability clause. The agency has stated plainly that it wants the regulation to survive even if discrete portions are stayed or enjoined, and Plaintiffs have done nothing to overcome the strong presumption in favor of severability under those circumstances. Indeed, many of the provisions of the 2020 Rule are completely unrelated to sex discrimination, yet Plaintiffs believe that those provisions' mere textual proximity to the enjoined provision is enough to render them unlawful. It is not. Plaintiffs cannot show that the non-enjoined provisions of the 2020 Rule are incapable of functioning in the absence of the enjoined repeal.

   Second, Plaintiffs have not shown that they are entitled to injunctive relief as to any other provision of the 2020 Rule. They have litigated this case so far entirely against the repeal of the definition of discrimination on the basis of sex—that's what they address in their preliminary injunction briefing, and now in their request for further injunctive relief. They have not even attempted to show that they have standing to challenge any other provision, or to demonstrate that they meet any of the factors required to obtain a preliminary injunction with respect to any other

provision. The burden remains on Plaintiffs to justify a new preliminary injunction, and they have not attempted to do so.

## I.     There is no basis to enjoin the whole rule.

Plaintiffs ignored this Court's instruction to address "provisions of the 2020 Rule they think should be stayed in light of *Bostock*," given the Court's concern that "*Bostock*'s interpretation of sex discrimination may have an impact on other aspects of the 2020 Rule." Electronic Order (Sept. 8, 2020). Instead, they request that the entire 2020 Rule be enjoined on the vague assertion that the alleged error "permeates Defendants' entire rulemaking endeavor." ECF No. 28 at 1. What Plaintiffs mean by that statement is never explained, and they cite to no evidence to support it. They offer no explanation for how *Bostock* affects any other provision of the 2020 Rule.

The law of severability makes clear that an entire rule is not brought down merely by an alleged error in one of its discrete provisions. Enjoining the entire rule is inappropriate here, because the separate provisions of the rule are severable. In determining whether severance is appropriate, courts look to both the agency's intent and whether the regulation can function sensibly without the excised provision(s). *MD/DC/DE Broad. Ass'n v. FCC*, 236 F.3d 13, 22 (D.C. Cir. 2001). Defendants raised this issue in their opposition to Plaintiffs' preliminary injunction motion, and Plaintiffs provided no response—just as they provide none now—relating to the agency's intent or to the sensible functioning of the 2020 Rule absent the enjoined provision. ECF No. 21 at 25–26. That continued failure makes clear that Plaintiffs cannot justify any broader preliminary relief.

Indeed, another district court facing a challenge to the 2020 Rule granted a preliminary injunction against two discrete provisions of the 2020 Rule but rejected a request to enjoin the whole rule. *Whitman-Walker Clinic, Inc. v. HHS*, No. 1:20-cv-1630-JEB, 2020 WL 5232076, at *45 (D.D.C. Sept. 2, 2020). That court's approach is instructive. With the exception of the two provisions the court there enjoined, the plaintiffs "ha[d] not demonstrated that any other component of the 2020 Rule was insufficiently reasoned (or that they have standing to assail it)." *Id.*[1] The plaintiffs offered no explanation for how the provision that this Court saw as inconsistent with *Bostock* "infect[ed] any of the Rule's numerous provisions—the majority of which Plaintiffs did not mention, let alone challenge." *Id.* And the court found highly relevant that "the 2020 Rule retains a severability clause." *Id.* The plaintiffs' failure to explain how "the extensive remainder of the 2020 Rule cannot 'function sensibly' without the two discrete provisions the Court enjoin[ed]" was fatal to the claim for an injunction against the entire rule. *Id.* In short, the court there faced the exact same situation as here, and declined to enjoin the entire 2020 Rule.

There is no doubt that HHS intended the 2020 Rule to be severable, because the agency included an explicit severability clause. 85 Fed. Reg. at 37,245 (codified at 45 C.F.R. § 92.3(d)). Courts take a severability clause to be persuasive evidence of an agency's intent. *See, e.g.*, *New*

---

[1] Notably, the other provision enjoined in *Whitman-Walker Clinic*—concerning religious exemptions and Title IX—was not enjoined by Judge Boasberg "in light of *Bostock*" and so should not be the subject of an expanded preliminary injunction in response to this Court's request.

*York v. Scalia*, No. 1:20-cv-1689, 2020 WL 5370871, at *34 (S.D.N.Y. Sept. 8, 2020); *Whitman-Walker Clinic*, 2020 WL 5232076, at *45; *Am. Fed'n of Labor & Cong. of Indus. Organizations v. Nat'l Labor Relations Bd.*, No. 20-CV-0675, 2020 WL 3041384, at *21 (D.D.C. June 7, 2020), *order amended on reconsideration*, No. 20-CV-0675, 2020 WL 3605656 (D.D.C. July 1, 2020). Plaintiffs have pointed to no countervailing evidence regarding the intent of the agency, and the presence of the severability clause makes HHS's intent clear. Plaintiffs' argument for enjoining other provisions of the 2020 Rule must fail, because "there is no evidence that the Department would not have promulgated these revisions independently of the revisions" that were enjoined. *Scalia*, 2020 WL 5370871, at *34.

Likewise, Plaintiffs have not identified any way in which the functioning of other parts of the 2020 Rule depends on the preliminarily enjoined repeal of the definition of discrimination on the basis of sex. For example, the 2016 Rule required "taglines," in two or fifteen different languages, on all of a covered entity's "significant publications and significant communications," notifying individuals of their right to free language assistance. 81 Fed. Reg. 31,375, 31,469 (then codified at 45 C.F.R. § 92.8). The 2020 Rule eliminated that tagline requirement. 85 Fed Reg. 37,160, 37,162. Plaintiffs offer no explanation how the 2020 Rule provisions relating to language access are in any way dependent on, or affected by, this Court's decision to stay and enjoin the challenged provision. Plaintiffs cannot show that the rule will stop functioning merely by counting the number of times a word appears in the Rule's preamble. ECF No. 28 at 3.

The precedents on which Plaintiffs rely to justify an injunction of the whole rule are thus inapposite. In *New York v. HHS*, the court determined that an injunction of certain provisions would leave in place only "isolated shards of the Rule that have not been found specifically infirm," which would be merely "stray non-substantive provisions … [that] would not serve a useful purpose." 414 F. Supp. 3d 475, 577 (S.D.N.Y. 2019). Here, by contrast, the provision enjoined by this Court is itself only a discrete piece of the rule, and Plaintiffs have not explained how that injunction prevents other portions of the 2020 Rule from serving their own useful purposes. Plaintiffs thus have failed to show that the provisions of the 2020 Rule that remain in force "utterly fail[] to achieve their principal purpose." ECF No. 28 at 1 (citing *Flores v. Barr*, 407 F. Supp. 3d 909, 930 (C.D. Cal. 2019)).

Nor is there any merit to Plaintiffs' suggestion that this Court should enjoin the entire 2020 Rule and then leave severability to be "adjudicated and decided on the merits at a later date." ECF No. 28 at 2. Plaintiffs' proposed course would flip the entire preliminary-injunction framework on its head, removing Plaintiffs' burden to show an entitlement to extraordinary preliminary relief and instead insisting that Defendants show "why any other portion of the 2020 Rule should remain in effect." ECF No. 21 at 26. That's not how preliminary injunctions work. Defendants have pressed the severability issue since their first substantive filing in this case, their response to Plaintiffs' preliminary injunction motion. ECF No. 18 at 30–31. Plaintiffs cannot repeatedly refuse to justify a particular type of relief and then demand an explanation as to why they shouldn't have it. Plaintiffs demand relief, and it is Plaintiffs' burden to show an entitlement to it.

In sum, Plaintiffs have failed to show that this Court's preliminary injunction against a discrete portion of the 2020 Rule should result in a wholesale injunction of the Rule. This Court should follow the same approach that Judge Boasberg took and keep its order limited to only the provision for which this Court believes Plaintiffs have shown standing to challenge and an

entitlement to preliminary relief.

## II.    Plaintiffs have not shown an entitlement to relief from any particular provision.

After spending two pages explaining why they want the entire 2020 Rule enjoined, Plaintiffs devote only four sentences to introducing the long list of individual provisions from the 2020 Rule they want enjoined in the alternative. That request is devoid of any explanation of Plaintiffs' entitlement to an injunction against any of those provisions—on any basis—and must be denied.

First, this Court should deny Plaintiffs' request as inadequately briefed. Beyond providing a list of provisions that they want enjoined, Plaintiffs have offered zero explanation regarding their entitlement to relief from any of those provisions. Their initial letter to the Court requesting an expansion of the preliminary injunction was a second preliminary injunction motion masquerading as a letter motion for clarification, but without any explanation why Plaintiffs were entitled to such relief. And in response to this Court's invitation to explain why any particular provisions still in force might be impacted by *Bostock*, Plaintiffs provided a letter that fails to explain how *Bostock* purportedly affects even a single other provision. Plaintiffs have had multiple chances to explain why a preliminary injunction should be entered against other provisions of the 2020 Rule, and they have not done so.

Second, Plaintiffs have failed to show an entitlement to preliminary relief in relation to any provision. (Defendants respectfully disagree with this Court's previous ruling that Plaintiffs showed an entitlement to preliminary relief with respect to the provision already enjoined, but Defendants do not seek to relitigate that issue in this filing.) To show an entitlement to injunctive relief against those provisions, Plaintiffs would need to demonstrate a likelihood of success on the merits, a likelihood of irreparable harm absent an injunction, and that the balance of equities favors the grant of preliminary injunctive relief. *Chunn v. Edge*, -- F. Supp. 3d. -- , 2020 WL 3055669, at *23 (E.D.N.Y. June 9, 2020) (citing *Am. Civil Liberties Union v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015)). They have not attempted to make any such showing.

Plaintiffs cannot show a likelihood of success on the merits in relation to any additional provision because they have failed to plead or otherwise argue Article III standing to challenge any of the listed provisions. Although this Court held that Plaintiffs had Article III standing to challenge the repeal of the definition of discrimination on the basis of sex, "[s]tanding is not dispensed in gross." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (quoting *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996)). A plaintiff must "demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Id.* (internal quotation marks omitted). Plaintiffs have not even attempted to do so here.

As Plaintiffs never even provide an explanation of what the challenged provisions do and how they might affect Plaintiffs, they fail completely to show that any of the listed provisions will cause them an injury in fact that is traceable to Defendants and redressable by a favorable decision. Throughout these proceedings, Plaintiffs' allegations of injury have all been claimed to derive from the repeal of the definition of discrimination on the basis of sex, which this Court has already enjoined. Plaintiffs argued that repealing the definition of discrimination on the basis of sex would cause them to "be discriminated against in seeking health care solely on account of their gender

identities." Memo. In Supp. Of Pls.' Mot. for PI, ECF No. 8-1 at 13. Likewise, their claim of stigmatic injury sprang from "the government's interpretation of 'sex.'" *Id.* at 14. The same is true of their claim that they may forgo seeking health care because of the "fear[] of future discriminatory health care" faced by "transgender and gender nonconforming individuals." *Id.* at 16. Even their constitutional claim states that Plaintiffs have suffered *per se* constitutional injury from "deleting transgender status, gender identity, and sexual orientation from the definition of sex." *Id.* Thus, to the extent that Plaintiffs have shown any injury at all, it is solely from the provision this Court has already stayed and enjoined.

Similarly, Plaintiffs provide no explanation how they would prevail on the merits of any legal claim against any of these provisions. That is unsurprising, as Plaintiffs do not identify what legal claims they would raise against any provision, which necessarily means they have not met their burden. And some of the provisions Plaintiffs now want enjoined have already been challenged and sustained in other courts. For example, Plaintiffs request that this Court enjoin the enforcement of 45 C.F.R. § 92.2 and enjoin the repeal of the 2016 Rule's provision previously codified at 45 C.F.R. § 92.207. That regulatory change removed the 2016 Rule's policy prohibiting covered entities from "[h]av[ing] or implement[ing] a categorical coverage exclusion or limitation for all health services related to gender transition," 45 C.F.R. § 92.207(b)(4). In his recent decision, Judge Boasberg considered and rejected a request to enjoin that change, *Whitman-Walker Clinic*, 2020 WL 5232076, at *29–32, and did not void all other provisions of the 2020 Rule, despite generally agreeing with this Court that HHS erred in repealing the 2016 Rule's definition of discrimination on the basis of sex without considering the ruling in *Bostock*, *id.* at *26. Plaintiffs provide no explanation why this Court should take a different approach. For all of the listed provisions, Plaintiffs have not explained how their four sentences of introduction can carry their burden.

Because Plaintiffs have offered no explanation of what legal claims they would raise against the provisions of the 2020 Rule they list, Federal Defendants lack the ability to anticipate and preemptively address all of Plaintiffs' reasons for believing they are entitled to further injunctive relief. Plaintiffs' failure to explain the basis for enjoining any other provision, much less a basis specifically predicated on *Bostock* as the Court requested, is by itself sufficient for this Court to deny the request for further injunctive relief. Plaintiffs cannot unwind a complex and multifaceted rulemaking, supported by extensive evidence and responses to public comments, by demanding in litigation that the agency justify every provision a second time before Plaintiffs bother to explain what their objection is.

As established *supra* regarding Plaintiffs' lack of standing, Plaintiffs have also failed to show a likelihood of irreparable injury absent further injunctive relief. If Plaintiffs had believed that a stay and preliminary injunction of those other provisions were necessary to avoid imminent irreparable injury, they should have thought to address the issue in their opening motion for a preliminary injunction. But instead, they expressly linked all of their threatened injuries only to HHS's repeal of the definition of discrimination on the basis of sex.

Finally, the public interest indisputably favors Defendants, because Plaintiffs have not alleged or argued any harm to the public interest from the enforcement of the other provisions of the 2020 Rule. In contrast, there is inherent harm to an agency in preventing it from implementing regulations that Congress has found to be in the public interest to direct that agency to develop.

*Maryland v. King*, 567 U.S. 1301 (2012) (Roberts, C.J., in chambers) (stating that the Government will "suffer[] a form of irreparable injury" if it "is enjoined by a court from effectuating statutes enacted by representatives of its people"). The public interest is not served by allowing Plaintiffs to obtain preliminary injunctions against provisions of the 2020 Rule in which they have no stake. With respect to the provisions listed in their letter, Plaintiffs are no differently positioned than any other person off the street, and Plaintiffs do not get to dictate national policy from that position.

### Conclusion

Having obtained the preliminary relief they sought, Plaintiffs now seek more. Yet this request is not linked to any harm or claim that Plaintiffs have alleged in this case so far, much less any harm or claim predicated on *Bostock*. And rather than support the new request with new arguments and new evidence, Plaintiffs would instead prefer that this Court treat a gross expansion of extraordinary relief as an afterthought, thrown in for good measure. This Court should reject Plaintiffs' request.

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

WILLIAM K. LANE III
Counsel to the Assistant Attorney General

*/s/ Jordan L. Von Bokern*
JORDAN L. VON BOKERN
(D.C. Bar # 1032962)
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, D.C. 20005
(202) 305-7919
Jordan.L.Von.Bokern2@usdoj.gov

LIAM C. HOLLAND
Trial Attorney, Federal Programs Branch

*Attorneys for Defendants*

cc: <u>By ECF</u>
   Jason Edward Starr, Esq.
   Joshua Rovenger, Esq.
   Kathryn M. Zunno, Esq.
   Katrina M. Quicker, Esq.
   Michael A. Sabella, Esq.
   Ryan Harbin, Esq.
   Edward J. Jacobs, Esq.