UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
TANYA ASAPANSA-JOHNSON
WALKER and CECILIA GENTILI,

               Plaintiffs,                        **MEMORANDUM AND ORDER**

     -against-                                    Case No. 20-CV-2834 (FB) (SMG)

ALEX M. AZAR II, in his official
capacity as the Secretary of the United
States Department of Health and Human
Services, and UNITED STATES
DEPARTMENT OF HEALTH AND
HUMAN SERVICES,

               Defendants.
-------------------------------------------------x

*Appearances*:
For the Plaintiffs:
EDWARD J. JACOBS
KATHRYN M. ZUNNO-FREANEY
MICHAEL A. SABELLA
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10110-0100

JOSHUA D. ROVENGER
Baker & Hostetler LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114-1214

KATRINA M. QUICKER
RYAN E. HARBIN
Baker & Hostetler LLP
1170 Peachtree Street, NE, Suite 2400
Atlanta, Georgia 30309-7676

*For the Defendants:*
WILLIAM K. LANE III
JORDAN L. VON BOKERN
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

*For Amicus Curiae:*
DOUGLAS N. LETTER
Office of General Counsel
U.S. House of Representatives
219 Cannon House Office Building
Washington, DC 20515

**BLOCK, Senior District Judge:**

On August 17, 2020, the Court held that the decision of the Department of Health and Human Services ("HHS") to repeal its 2016 definition of discrimination "on the basis of sex" was contrary to law and arbitrary and capricious. *See Walker v. Azar*, ___ F. Supp. 3d ___, 2020 WL 4749859 (E.D.N.Y. Aug. 17, 2020). The decision clearly stated that the Court was staying the repeal and that, as a result, the definitions of 'on the basis of sex,' 'gender identity,' and 'sex stereotyping' currently set forth in 45 C.F.R. § 92.4 will remain in effect." *Id.* at *10. Nevertheless, the plaintiffs asked the Court for "confirmation . . . that the entirety of the 2020 Rule is enjoined." Letter from Edward J. Jacobs (Aug. 28, 2020). Instead, the Court directed the plaintiffs to "submit a list of the provisions of the 2020 Rules they think should be stayed in light of *Bostock* [*v. Clayton County*, 140 S. Ct. 1731 (2020)]." Elec. Order dated Sept. 8, 2020. The plaintiffs have submitted their proposed list and HHS has had an opportunity to respond.

A. **Blanket Injunction**

The plaintiffs chiefly argue that the Court should stay the 2020 Rules in their

entirety because the agency's failure to consider *Bostock*'s impact "permeates [its] entire rulemaking endeavor." Letter from Edward J. Jacobs (Sept. 15, 2020). The Court disagrees. "Whether the offending portion of a regulation is severable depends upon the intent of the agency *and* upon whether the remainder of the regulation could function sensibly without the stricken provision." *MD/DC/DE Broadcasters Ass'n v. FCC*, 236 F.3d 13, 22 (D.C. Cir. 2001). The agency's intent is reflected in an explicit severability provision. *See* 45 C.F.R. § 92.3(d). And while limiting the scope of sex discrimination was a key motivation for the rulemaking, the rules themselves address many topics and can "function sensibly" under the 2016 definition. Thus, the Court agrees with Judge Boasberg that it is unnecessary to stay and/or enjoin enforcement of the rules in their entirely. *Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health & Human Servs.*, ___ F. Supp. 3d ___, 2020 WL 5232076, at *45 (D.D.C. Sept. 2, 2020) ("Nowhere, moreover, do [the plaintiffs] explain how the agency's non-consideration of *Bostock* infects any of the Rule's numerous provisions—the majority of which Plaintiffs do not even mention, let alone challenge—other than the repeal of the 2016 Rule's sex-discrimination definition.").

**B.    Individual Rules**

The plaintiffs acknowledge that their list of regulations to be stayed is extensive. Fortunately, those rules fall into one of three broad categories, each of

3

which is addressed below.

### 1. *Rules and Repeals Unrelated to Bostock*

Several of the rules on the plaintiffs' list have no apparent connection to *Bostock* and its formulation of sex discrimination. Those include:

- 45 C.F.R. § 92.1, which revises previous language, not of substantive significance, describing the purpose of the regulations dealing with implementation of § 1557's nondiscrimination provision.

- 45 C.F.R. § 92.2, which replaces a previous prohibition on discrimination based on sex with a prohibition on discrimination on the grounds prohibited by Title IX. Although the prior regulation referenced sex discrimination, it did not explicitly list discrimination based on gender identity, sexual orientation or sex stereotyping as forms of sex discrimination. And since Title IX prohibits discrimination based on sex, the change is merely semantic.

- The prior version of 45 C.F.R. § 92.4, which set forth a long list of definitions. Insofar as that regulation defined "on the basis of sex," "sex stereotyping," and "gender identity," it is the subject of the extant injunction. It otherwise has no apparent connection to *Bostock*.

- 45 C.F.R. § 92.5, which deletes a prior regulation's authorization of compensatory damages in "appropriate administrative and judicial actions." Although the regulation has no apparent connection to *Bostock*, it is worth noting that the existence of a private right of action and the remedies available in lawsuits are questions to be decided by the judiciary, not an administrative agency.

- The prior version of 45 C.F.R § 92.6, which set out administrative remedies for violations of § 1557 and voluntary actions healthcare providers could take to remedy discrimination. In its rulemaking, HHS stated that "[t]hese provisions have parallels in the regulations implementing . . . Title IX . . . which the Department will use to enforce Section 1557." Nondiscrimination in Health and Health Education Programs or Activities, Delegation of Authority, 85 Fed. Reg. 37,160,

4

37,203 (June 19, 2020). Thus, the repeal is apparently a matter of administrative housekeeping.

- 45 C.F.R. § 92.207, which required healthcare providers to adopt internal grievance procedures to address claimed violations of § 1557.

- The prior version of 45 C.F.R. § 92.209, which prohibited associational discrimination, that is, discrimination "on the basis of the race, color, national origin, sex, age, or disability of an individual with whom the individual or entity is known or believed to have a relationship or association." In finalizing the repeal, HHS stated that it "neither abrogates nor withdraws any protections available under the incorporated civil rights statutes or their implementing regulations. . . . Protections against discrimination on the basis of association will be available under this final rule to the extent that they are available under those statutes and regulations." Nondiscrimination in Health and Health Education Programs or Activities, Delegation of Authority, 85 Fed. Reg. 37,160, 37,199 (June 19, 2020). The Second Circuit has held that Title VII prohibits associational discrimination based on sex. *See Zarda v. Altitude Express, Inc.*, 883 F.3d 100, 125 (2d Cir. 2018). Although it has not addressed that question in a Title IX case, Title VII caselaw often informs Title IX caselaw. *See Kappa Alpha Theta Fraternity, Inc. v. Harvard Univ.*, 397 F. Supp. 3d. 97, 108 (D. Mass. 2019) (holding that Title IX prohibited associational discrimination because "courts in this Circuit often look to the Title VII context to analyze the scope of Title IX.").

Since *Bostock* has no bearing on the foregoing regulations and repeals of prior regulations, those regulations and repeals will not be stayed or enjoined.

### 2. *Rules and Repeals that the Plaintiffs Lack Standing to Challenge*

As explained in the Court's prior memorandum and order, the plaintiffs attest that they have faced discrimination from healthcare providers in the past and fear seeking future medical treatment as a result. Those averments confer standing to

5

challenge regulations dealing with healthcare providers. Many of the regulations the plaintiffs seek to enjoin, however, relate to sex discrimination in other areas.

To be sure, those regulations are presumptively subject to *Bostock*'s definition of sex discrimination whether or not they explicitly recognize that definition. But unless the plaintiffs can establish standing to challenge the regulations, the Court cannot adjudicate their validity. *See Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 39 (1976) ("A federal court cannot ignore [the standing] requirement without overstepping its assigned role in our system of adjudicating only actual cases and controversies."). Those regulations are as follows:

- 42 C.F.R. §§ 428.3, 438.206, 440.262, 460.98, and 460.112, all of which concern healthcare plans administered under the auspices of the Medicare and Medicaid programs. The plaintiffs do not allege membership in such a plan.

- 45 C.F.R. § 92.3, which redefines the scope of § 1557's nondiscrimination provision, principally by excluding health insurance companies from the definition of "healthcare provider." The plaintiffs do not allege that they have faced or are likely to face discrimination from an insurance company.

- 45 C.F.R. § 147.104, which omits a requirement in the prior version of the regulation that health insurance companies not discriminate on the basis of sexual orientation or gender identity. Again, the plaintiffs do not allege that they have faced or are likely to face sexual orientation or gender identity discrimination from an insurance company.

- 45 C.F.R. §§ 155.120, 156.200, and 156.1230, all of which omit a requirement in the prior version of the corresponding regulations that health insurance exchanges and the plans offered on the exchanges not discriminate on the basis of sexual orientation or gender identity. The

6

plaintiffs do not allege that they participate in such an exchange.

- 45 C.F.R. § 155.220, which imposes various requirements on health insurance exchanges facilitated through the federal government. The plaintiffs do not allege that they participate in such an exchange.

- 45 C.F.R. § 92.207, which dealt with discrimination in health insurance. As noted, the plaintiffs do not allege that they face discrimination from an insurance company.

- 45 C.F.R. § 92.303, which dealt with procedures for handling complaints of discrimination in programs administered by HHS. The plaintiffs do not allege that they participate in any program administered by HHS.

Since the plaintiffs have not established standing to challenge the foregoing regulations and repeals, they will not be stayed or enjoined.

3. *Repeal Related to Bostock and that Plaintiffs Have Standing to Challenge*

The plaintiffs ask the Court to enjoin the repeal of 45 C.F.R. § 92.206, which required healthcare providers to "treat individuals consistent with their gender identity" and prohibited them from "deny[ing] or limit[ing] health services that are ordinarily or exclusively available to individuals of one sex, to a transgender individual based on the fact that the individual's sex assigned at birth, gender identity, or gender otherwise recorded is different from the one to which such health services are ordinarily or exclusively available." That regulation was, in essence, a specific implementation of the 2016 Rules' definition of sex discrimination. Its repeal, therefore, requires reconsideration in light of *Bostock* for the same reasons

7

the repeal of the definition does.

THEREFORE, the existing stay/preliminary injunction of the repeal of the 2016 Rules' definition of "on the basis of sex," "gender identity," and "sex stereotyping" set forth in 45 C.F.R. § 92.4 remains in effect.  In addition, the repeal of 45 C.F.R. § 92.206 is stayed and enforcement of the repeal is preliminarily enjoined.  The plaintiffs' request to expand the stay/injunction is otherwise denied.  However, the Court grants the plaintiffs leave to renew their request to stay/enjoin the regulations and repeals set forth in Part B.2. if the renewal is accompanied by averments sufficient to establish standing.

**SO ORDERED.**

  /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 29, 2020