# BakerHostetler

**Baker&Hostetler** LLP

45 Rockefeller Plaza
New York, NY 10111

T  212.589.4200
F  212.589.4201
www.bakerlaw.com

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

October 30, 2020

**VIA ECF**

Honorable Frederic Block
United States District Judge
Honorable Steven M. Gold
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Re:*    Tanya Asapansa-Johnson Walker, et al. v. Alex M. Azar II, et al., *Civ. No. 20-CV-02834
(FB) (SMG), Opposition to Defendants' Motion to Stay*

Dear Judges Block and Gold:

Plaintiffs are two transgender women of color who have experienced—and continue to
experience—extensive discrimination when seeking healthcare.  In the face of uncontroverted
evidence illustrating this discrimination, and in the midst of a historic global pandemic,
Defendants attempted to strip Plaintiffs and others in the LGBTQ community of critical non-
discrimination protections in the Affordable Care Act by promulgating the Rule that is the
subject of this litigation ("the 2020 Rule").  Because Defendants did so while intentionally
ignoring controlling Supreme Court precedent, this Court preliminarily enjoined their conduct.

The instant motion to stay (or, in the alternative, for an extension of time to respond to
the Complaint), is without legal basis and, at bottom, an attempt by Defendants to avoid
producing the relevant administrative record and to delay Plaintiffs' forthcoming summary
judgment motion.  Seventy days after the injunction, and a mere four days before their already-
extended deadline to respond to the Complaint, Defendants ask this Court to stay the case or
again delay their responsive pleading.  The arguments advanced in support of the stay are generic
and, if applied, would require a stay in *every* case in which a party appeals a preliminary
injunction.  None address the ongoing harm suffered by Plaintiffs in the context of an escalating
pandemic.  Stripped bare, Defendants' tactic is plain: avoid filing the administrative record for as
long as possible because it will undermine the purported justifications for their action, further
expose Defendants' animus towards the LGBTQ community, and enable Plaintiffs to succeed on

**VIA ECF**

October 30, 2020
Page 2

their summary judgment motion.  Indeed, Defendants similarly sought to avoid production of the record in the other cases challenging the 2020 Rule brought by other plaintiffs.  *See, e.g. New York v. Dep't of Health & Human Servs.*, No. 20-cv-05583, No. 98 (S.D.N.Y. Oct. 14, 2020) (asking for extension of deadline to produce administrative record) (attached as Exhibit A); *Whitman-Walker Clinic, Inc. v. Dep't of Health & Human Servs.*, No. 20-cv-01630, No. 60 (D.D.C. Oct. 20, 2020) (asking the court to interpret their motion to dismiss as waiver of requirement to produce record) (attached as Exhibit B).

For the reasons discussed below, this Court should deny Defendants' request for a stay and, in the alternative, for an extension of their deadline to file their response to the Complaint. Instead, Plaintiffs respectfully request that this Court set a deadline for Defendants' production of the administrative record concurrent with Defendants' responsive pleading.  *See, e.g.*, *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419–20 (1971) (explaining that resolution of APA claims turns on review of the whole administrative record); *Am. Bioscience, Inc. v. Thompson*, 243 F.3d 579, 582 (D.C. Cir. 2001) (noting the discretion courts have as to when to call for the administrative record including, if necessary, to resolve pre-answer preliminary injunction motions); *Regents of Cal.. v. Dep't of Homeland Security*, No. 17-cv-05211, ECF No. 49 (N.D. Cal. Sept. 21, 2020) (requiring agency to produce administrative record before motion to dismiss and other dispositive briefing) (attached as Exhibit C).

**Background.**  Plaintiffs filed this case on June 26, 2020.  ECF No. 1.  They challenge the 2020 Rule, an agency action that would, among other things, strip LGBTQ people of protections under the Affordable Care Act's non-discrimination provision.  Because the mere existence of the 2020 Rule causes Plaintiffs irreparable harm, they swiftly moved for a preliminary injunction.  ECF Nos. 8 & 9.  On August 17, 2020, this Court recognized that harm, found the 2020 Rule arbitrary, capricious, and contrary to law, and enjoined it.  ECF No. 23.  On September 7, 2020, the Court requested supplemental briefing on the scope of the preliminary injunction in response to the Parties' disagreement regarding the scope of the injunction. Nonetheless, Defendants filed a notice of appeal on October 16, 2020, before the Court resolved that dispute.

On October 29, 2020, the Court concluded that the injunction applied to the definitions of "on the basis of sex," "gender identity," and "sex stereotyping," set forth in 45 C.F.R. § 92.4, and to the repeal of 45 C.F.R. § 92.206.[1]  ECF No. 23.  The preliminary injunction order was based on the 2020 Rule's incompatibility with the Supreme Court's decision in *Bostock v. Clayton County, Ga.*, 140 S. Ct. 1731 (2020), and Defendants' failure to consider that decision.  Thus, Defendants' appeal—to the extent it is substantively considered—will not address Plaintiffs' other claims in the case (that the 2020 Rule is unconstitutional and in excess of statutory authority), nor Plaintiffs' other arguments that the 2020 Rule is arbitrary and capricious under the Administrative Procedure Act.

---

[1] Defendants have asked that the Court stay proceedings pending resolution of the dispute over the scope of the injunction.  The Court has since decided that issue and so the request is moot.

VIA ECF

October 30, 2020
Page 3

Defendants' deadline to file a responsive pleading was originally August 28, 2020. Plaintiffs consented to a 30-day extension, but Defendants sought even more time from the Court. The Court permitted an additional 30 days, making Defendants' responsive pleading due as of the date of this letter, October 30, 2020.[2] Rather than seek a stay or additional extension in August, September, or most of October, Defendants waited until four days before their responsive pleading deadline to inform Plaintiffs about the instant motion. *See* Exhibit D. That same day—before Plaintiffs had a reasonable opportunity to respond to Defendants' request for consent—Defendants filed the instant motion.

***Defendants' Efforts to Stay or Delay the Case are Premature***. As an initial matter, the stay should be rejected because Defendants' appeal is improper. Defendants appealed the preliminary injunction while there was a "pending dispute as to the proper scope of the Court's preliminary injunction order." ECF No. 33 p. 1. The Court has since decided the issue and entered an order superseding the initial one. As a result, Defendants are asking for a stay pending the appeal of an order that is not the operative one. The Second Circuit is unlikely to consider such an appeal, rendering a stay entirely gratuitous and unnecessary. *See Hajro v. U.S. Citizenship & Imm. Servs.*, 811 F.3d 1086, 1097 (9th Cir. 2016) (stating that the injunction was not "immediately appealable because the scope and language of the injunction were not yet final when the government filed the notice of appeal."); *Webb v. GAF Corp.*, 78 F.3d 53, 56 (2d Cir. 1996) (dismissing appeal of preliminary injunction that was overtaken by subsequent events); *In re Chateaugay Corp.*, 924 F.2d 480, 483 (2d Cir. 1991) (stating that it was "reluctant to decide whether or not to place our imprimatur on an injunction when the scope of that injunction remains unclear.").

***The Relevant Factors Counsel Against a Stay.*** A party is not entitled to a stay pending an appeal of a preliminary injunction. *See* Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3921.2 (stating that such an appeal "does not defeat the power of the trial court to proceed further with the case."). Instead, it is a purely discretionary decision driven by a number of considerations. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (explaining that the power to stay is one "inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Here, the relevant considerations—the interest in proceeding with moving forward as balanced against the prejudice of delay to Plaintiffs, the interests and burden on Defendants,

---

[2] Defendants' request for a stay or extension is untimely because it does not afford the Court ample time to adjudicate the motion prior to the current deadline for their responsive pleading. As such, to the extent Defendants fail to file that pleading as of the date of this letter, Defendants have defaulted in this action and Plaintiffs reserve all rights to seek all such relief the Court may deem just and proper.

VIA ECF

October 30, 2020
Page 4

the interests of the courts, the interests of persons not parties to the civil litigation, and the public interest—all favor Plaintiffs.[3]

*First,* and consistent with their approach throughout this litigation, Defendants ignore the harm to Plaintiffs that would stem from a stay. The preliminary injunction here is critical to stopping irreparable harm to Plaintiffs, but until this litigation ends, Plaintiffs must live with uncertainty about the ultimate fate of Defendants' unlawful 2020 Rule. This limbo yields similar mental anguish and fear that Plaintiffs previously described, and that this Court credited. *See* Gentili Decl. ¶¶ 65, 71–72; Walker Decl. ¶¶ 88–89; ECF No. 23 at 15–16.

Moving with haste is particularly important given the Court's order on the scope of the preliminary injunction. ECF No. 34. As noted, Plaintiffs raised several counts and arguments that did not form the basis of the injunction; because each speaks to fatal defects in Defendants' rulemaking process, they will ultimately require the court to vacate the rule in full. *See, e.g.*, *New York v. Dep't of Health and Human Servs.*, 414 F. Supp. 3d 475, 577 (S.D.N.Y. 2019) (vacating rule where "the rulemaking exercise . . . was sufficiently shot through with glaring legal defects as to not justify a search for survivors."). These claims remain pending and the appeal will not address them one way or the other. Defendants have made no representations that the effectiveness or enforcement of the full import of the 2020 Rule will be held in abeyance pending any of their efforts to appeal the injunction and delay this case. Simply stated, any stay of this case would result in irreparable harm to Plaintiffs and their ability to pursue their claims.

To argue otherwise, Defendants cite *Washington v. Trump* and *Hawaii v. Trump*. ECF No. 33 at 2. Neither of those cases—in which States challenged the Administration's executive orders barring travel from specific countries—included individual plaintiffs challenging a rule whose mere existence caused harm. The same is true for *Boardman v. Pacific Seafood Grp.*, 2015 WL 13744253, *1 (D. Or. Aug. 6, 2015), which involved commercial fisherman challenging a merger of seafood processors. In contrast, a stay here would unnecessarily infringe on Plaintiffs' right to swiftly and completely bring each of their claims to resolution in order to avoid the harm caused by lingering litigation. *See SEC v. Jones*, 2005 WL 2837462, *2 (S.D.N.Y. Oct. 28, 2005) (highlighting the import of a timely resolution in litigation); *Citibank N.A. v. Hakim*, 1993 WL 481335 at *2 (S.D.N.Y. Nov. 18, 1993) (noting that delay will cause "substantial prejudice" because it will deny the plaintiff "its right to speedy discovery and resolution of this dispute."); *see also Cali. v. Azar*, 911 F.3d 558, 584 (9th Cir. 2018) (stating that a stay is generally disfavored given "the limited scope of [appellate] review of the law applied by the district court and because the fully developed factual record may be materially different from

---

[3]  Rather than applying the *Landis* test, some courts have utilized the standard for a stay of an injunction pending appeal to decide whether to stay proceedings pending appeal. *See Starke v. Squaretrade, Inc.*, 2017 WL 11504834, at *1 (E.D.N.Y. Dec. 15, 2017). This alternative test asks whether the moving party is likely to succeed on the merits, whether it would be irreparably injured absent a stay, whether the balance of interests favors a stay, and whether a stay is in the public interest. *Id.* Here, the Court has already determined that Plaintiffs, not Defendants, are likely to succeed on the merits. ECF No. 23. And, Defendants cannot establish *any* harm from moving forward with the case, let alone irreparable harm. If the Court applies this test, a stay is still inappropriate.

**VIA ECF**

October 30, 2020
Page 5

that initially before the district court, our disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition on the merits.") (internal citation omitted)).

*Second,* Defendants cannot articulate any prejudice from moving forward during their appeal. The trajectory of this Administrative Procedure Act case is straightforward: Defendants will respond to the Complaint and produce the administrative record, and then the parties will cross-move for summary judgment.[4] Defendants will be simultaneously doing so in the parallel litigation. While Defendants rely on *Bahl v. New York Coll. Of Osteopathic Med. Of New York Inst. of Tech*, to claim prejudice, that court considered an entirely different question of whether a defendant should have to litigate a case in light of pending litigation in another district court. 2018 WL 4861390 at *3 (E.D.N.Y. Sept. 28, 2018). It did not address the question presented here. In contrast, courts routinely reject stay requests like the one here—including an appeal of a preliminary injunction by these very Defendants regarding a different rule that was enjoined, *Washington v. Azar*, 2019 WL 791662 (E.D. Wash. June 14, 2019)—because a party is not prejudiced when they *choose* to simultaneously appeal an injunction. *See, e.g.*, *New York v. U.S. Dep't of Commerce,* 351 F. Supp. 3d 502, 679–80 (S.D.N.Y. 2019) (granting nationwide injunction after denying defendants' prior attempts to stay trial).

*Third*, Defendants' proposal is inefficient. They have indicated that the administrative record comprises over two million pages of documents. *See New York v. Dep't of Health & Human Servs.*, No. 20-cv-05583, ECF No. 98 at p.1 (S.D.N.Y. Oct. 14, 2020) (asking to delay production of the record because it is estimated to be approximately 2 million pages). If true, Plaintiffs will need substantial time to review that record before summary judgment. There is no reason to wait as the parties can prepare this case for a swift resolution while the appeal is pending. *See hiQ Labs, Inc. v. LinkedIn Corp.*, 938 F.3d 985, 1006 (9th Cir. 2019) (Wallace, J., concurring) (stating that "[w]e have repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a preliminary injunction," since the "case could have well proceeded to a disposition on the merits without the delay in processing the interlocutory appeal.").[5]

That the case "bear[s] on Article III standing," does not mean that Defendants' proposal is efficient. Defendants repeatedly say that it is most efficient to wait until the Second Circuit

---

[4] This clear path assumes that Defendants lodge a complete administrative record. *See Saget v. Trump*, 375 F. Supp. 3d 280, 340 –42 (E.D.N.Y. 2019) (describing circumstances in which completion or supplementation of the administrative record is necessary).

[5] Defendants cite to a number of cases suggesting that a stay is in the interest of judicial economy. Those cases are not comparable to the facts here because they either: (1) arise in the context of a denied motion to arbitrate, *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638 (S.D.N.Y. 2012), (2) arise in the context of a stay pending parallel district court litigation, *Bahl*, 2018 WL 4861390; *Marine Travelift, Inc., v. K. Graefe & Sons Corp.*, 2016 WL 8711453 (S.D.N.Y. June 3, 2016); *Nuccio v. Duve*, 2015 WL 1189617 (N.D.N.Y. Mar. 16, 2015), or (3) arise in the context of an already-pending appellate case addressing a dispositive legal question, *McCracken v. Verisma Sys.*, 2018 WL 4233703 (W.D.N.Y. Sept. 6, 2018).

VIA ECF

October 30, 2020
Page 6

rules on their standing arguments.  But, as courts have explained, "the question of standing does
not fit within the collateral order doctrine," that is, the doctrine that typically allows for
interlocutory appeals before final judgment, and ordinarily does not justify "an immediate
interlocutory appeal on this issue." *Summit Med. Assoc., P.C. v. Pryor*, 180 F.3d 1326, 1334–35
(11th Cir. 1999); *see also Levine v. AtriCure, Inc.*, 594 F. Supp. 2d 471, 477 (S.D.N.Y. 2009)
(denying certification for appeal on standing question because they did not "justify a departure
from the basic policy of postponing appellate review until after entry of a final judgment.");
*Ecological Rights Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1154 (9th Cir. 2000) (stating that
the court would not "have the power to hear a premature appeal" on standing questions).  Said
differently, courts do not halt litigation mid-stream because a case presents a question on
standing.  Defendants should not be able to sidestep this doctrine simply because the Court
decided the standing issue while enjoining their unlawful behavior, rather than through a motion
to dismiss.

Nor are the standing questions in this case particularly difficult as to warrant waiting for
the Second Circuit's review.  Defendants state that "given that different courts have assessed
standing to challenge this rule in different ways, the benefit of Second Circuit guidance on this
issue is all the more important."  *See* ECF No. 33 at 3 (citing *Washington v. HHS*, 2020 WL
5095467 (W.D. Wash. Aug. 28, 2020) and *Whitman-Walker Clinic, Inc v. HHS*, 2020 WL
5232076 (D.D.C. Sept. 2, 2020)).  Yet the plaintiffs in those cases are not individuals.  The
plaintiff in the *Washington* case is the State of Washington.  The *Whitman Walker* case, which
remains pending, involves questions of associational and organizational standing.  This is the
only case challenging the 2020 Rule in any court brought by individual plaintiffs who have been,
and will be, subject to imminent harm.  As this Court already concluded, the standing question is
not close.

The existence of these other cases challenging the 2020 Rule also does not justify
Defendants' request.  The cases are not "parallel" for purposes of a stay given the differences in
the parties and the distinct interest that each is vindicating.  *Cf. Admin. Comm. v. Gauf*, 188 F.3d
767 (7th Cir. 1999) (noting that differences in plaintiffs render case not parallel).  Moreover,
even if Plaintiffs were not the only individuals challenging this rule (as noted, they are), stays are
not justified simply because there are multiple cases in different courts involving common issues
of fact or law.  *See, e.g.*, *Stockman v. Trump*, No. EDCV 17-1799, 2017 WL 9732572, at *16
(C.D. Cal. Dec. 22, 2017) (litigating administration's transgender military ban); *Karnoski v.
Trump*, No. C17-1297-MJP, 2017 WL 6311305, at *10 (W.D. Wash. Dec. 11, 2017) (same);
*Stone v. Trump*, 280 F. Supp. 3d 747, 769 (D. Md. 2017) (same); *Doe 1 v. Trump*, 275 F. Supp.
3d 167, 216–17 (D.D.C. 2017) (same); *Kravitz v. U.S. Dep't of Commerce*, 366 F. Supp. 3d 681,
755 (D. Md. 2019) (litigating efforts to insert a citizenship question on census); *State v. Ross,*
358 F. Supp. 3d 965, 1050–51 (N.D. Cal. 2019) (same).

*Finally*, the impact on other individuals, and the public interest, weigh against a stay.  We
are in the midst of a once-in-a-generation global pandemic and vacating the 2020 Rule through
swift adjudication of this case helps ensure that LGBTQ individuals have access to

VIA ECF

October 30, 2020
Page 7

discrimination-free care.  As Plaintiffs previously detailed, there is extensive evidence of the systemic discrimination that has limited LGBTQ peoples' access to affordable health care.   ECF No. 1 ¶¶ 133–41.  Vacating the 2020 Rule in full, and bringing finality to this issue, serves the "fundamental purpose of the ACA" to "ensure that health services are available broadly on a nondiscriminatory basis to individuals throughout the country."  81 Fed. Reg. at 31,379.

*No Extension is Appropriate.*  The Court should also deny Defendants' alternative request for a further extension of Defendants' responsive pleading deadline.  Defendants have had *over four months* to prepare a response to Plaintiffs' Complaint.  Instead of doing so, they asked Plaintiffs for one extension, unhappy with that, they asked the Court for an additional extension, waited until the last minute to appeal the preliminary injunction, and then sat on this pending motion until the week their responsive pleading was due.  Defendants cite paternity leaves, "briefs relating to other business," and "the press of other business" as justifications for the delay.  But the Court has already provided Defendants with four months within which to serve and file any responsive pleading.  Perhaps a reset on some context is appropriate here: Defendants bring with them all of the resources and power of the United States Department of Justice.  Plaintiffs are two individual transgender women—having suffered exceptional marginalization, severe discrimination, and serious health care complications—whose lives hang in the balance during a global pandemic.

As such, Defendants' request to stay the case or, in the alternative, extend their time to Answer should be denied in its entirety.  Instead, Plaintiffs respectfully request that this Court set a deadline for Defendants' production of the administrative record concurrent with Defendants' responsive pleading.


Very truly yours,

*s/ Edward J. Jacobs*
Edward J. Jacobs
Partner
cc (via ECF):

Jason Edward Starr, Esq.
Kathryn M. Zunno-Freaney, Esq.
Katrina M. Quicker, Esq.
Michael A. Sabella, Esq.
Joshua D. Rovenger, Esq.
Ryan E. Harbin, Esq.
Jordan L. Von Bokern, Esq.
William K. Lane III, Esq.