## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TANYA ASAPANSA-JOHNSON WALKER,<br><br>Plaintiff,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as the Secretary of the United States Department of Health and Human Services, and<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendants. | Civil Action No. 20-cv-02834-FB-SMG |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' ASSERTION OF MOOTNESS

**HUMAN RIGHTS CAMPAIGN FOUNDATION**

Jason E. Starr
1640 Rhode Island Ave, NW
Washington, DC 20036-3278
Telephone: (202) 628-4160
Facsimile: (202) 347-5323
*jason.starr@hrc.org*

*Counsel for Plaintiff*
*Tanya Asapansa-Johnson Walker*

**BAKER & HOSTETLER LLP**

Edward J. Jacobs
Kathryn M. Zunno-Freaney
Michael A. Sabella
Saidah A. Grimes**
45 Rockefeller Plaza
New York, New York 10111-0100
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
*ejacobs@bakerlaw.com*
*kzunno@bakerlaw.com*
*msabella@bakerlaw.com*
*sgrimes@bakerlaw.com*

Gregory A. Tanner**
1170 Peachtree Street, NE, Suite 2400
Atlanta, Georgia 30309-7676
Telephone: (404) 459-0050
Facsimile: (404) 459-5734
*gtanner@bakerlaw.com*

*Counsel for Plaintiff*
*Tanya Asapansa-Johnson Walker*

***Motion for pro hac vice admission forthcoming*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ............................................................................................................1

BACKGROUND ............................................................................................................4

LEGAL STANDARD......................................................................................................7

ARGUMENT .................................................................................................................8

I.      The Relevant Portions of the 2024 Rules Have Not Yet Taken Effect Thus the Disputed Portions of the 2020 Rules Are Still In Place........................................8

II.     *Am. Coll. of Pediatricians v. Becerra* Does Not Apply to This Action............................11

III.    The Relief Sought in the Complaint Can Still Be Granted to Plaintiff.............................13

IV.     Plaintiff's Suit Falls Within Exceptions to the Mootness Doctrine.................................14

        A.      The History of the Challenged Portion of the 2020 Rules Show That Plaintiff's Claims are Capable of Repetition. .........................................................15

        B.      Defendants' Voluntary Cessation of the Challenged Conduct Through the 2024 Rules Does Not Defeat Plaintiff's Claims. ..................................................17

CONCLUSION...............................................................................................................18

i

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Coll. Pediatricians v. Becerra*,
   No. 23-5053, 2024 WL 3206579 (6th Cir. June 27, 2024)..........................................11, 12, 13

*Am. Coll. of Pediatricians v. Becerra*,
   No. 23-5053, 2024 WL 2874920 (6th Cir. May 29, 2024).....................................................11

*Bostock v. Clayton County*,
   590 U.S. 644 (2020)................................................................................... *passim*

*Chafin v. Chafin*,
   568 U.S. 165 (2013)..........................................................................................8

*City of Mesquite v. Aladdin's Castle, Inc.*,
   455 U.S. 283 (1982).........................................................................................10

*Comer v. Cisneros*,
   37 F.3d 775 (2d Cir. 1994)...............................................................................14, 17

*County of Los Angeles v. Davis*,
   440 U.S. 625 (1979)..........................................................................................8

*Florida v. U.S. Dep't of Health & Hum. Servs.*,
   No. 8:24-CV-1080-WFJ-TGW, 2024 WL 3537510 (M.D. Fla. July 3, 2024)...................9, 12

*Green Party of Tenn. v. Hargett*,
   700 F.3d 816 (6th Cir. 2012) ...............................................................................12

*Humane Soc'y of the U.S. v. U.S. Dep't of Agric.*,
   41 F.4th 564 (D.C. Cir. 2022), *reh'g denied*, 54 F.4th 733 (D.C. Cir. 2022)...................16, 17

*Kennedy v. Esper*,
   No. 16-cv-2010 (WWE), 2018 WL 6727353 (D. Conn. Dec. 21, 2018)................................14

*Knox v. Service Emps. Int'l Union, Local 1000*,
   567 U.S. 298 (2012)..........................................................................................8

*Kramer v. Time Warner Inc.*,
   937 F.2d 767 (2d Cir. 1991)..................................................................................11

*Lexmark Int'l Inc. v. Static Control Components, Inc.*,
   572 U.S. 118 (2014)..........................................................................................8

*Mhany Mgmt., Inc. v. County of Nassau,*
  819 F.3d 581 (2d Cir. 2016)..........................................................................8

*Mission Prod. Holdings, Inc. v. Tempnology, LLC,*
  587 U.S. 370 (2019)......................................................................................8

*Nat'l Ass'n of Mfrs. v. Dep't of Def.,*
  583 U.S. 109 (2018).....................................................................................10

*Nat'l Org. for Marriage, Inc. v. Walsh,*
  714 F.3d 682 (2d Cir. 2013)........................................................................14

*Ozinga v. Price,*
  855 F.3d 730 (7th Cir. 2017) ......................................................................10

*Powell v. McCormack,*
  395 U.S. 486 (1969)......................................................................................8

*State of New York v. U.S. Dep't of Health & Hum. Servs.,*
  Case No. 1:20-cv-05583-AKH (S.D.N.Y. Nov. 12, 2024) .........................12

*Susan B. Anthony List v. Driehaus,*
  573 U.S. 149 (2014)......................................................................................7

*Tennessee v. Becerra,*
  No. 1:24-cv-00161-LG-BWR, 2024 WL 3283887 (S.D. Miss. July 3, 2024)................ *passim*

*Texas v. Becerra,*
  No. 6:24-cv-00211-JDK, 2024 WL 3297147 (E.D. Tex. July 3, 2024) .........................3, 7, 10

*Texas v. Becerra,*
  No. 6:24-CV-211-JDK, 2024 WL 4490621 (E.D. Tex. Aug. 30, 2024) .................3, 9, 12, 15

*Walker v. Azar,*
  480 F. Supp. 3d 417 (E.D.N.Y. 2020) ........................................................15

**Statutes**

42 U.S.C. § 18116......................................................................... *passim*

**Other Authorities**

42 C.F.R. § 92.206(b) ...................................................................................9

42 C.F.R. § 92.207(b)(3)-(5)........................................................................9

42 C.F.R. § 438.3(d)(4)................................................................................9

42 C.F.R. § 438.206(c)(2).............................................................................9

42 C.F.R. § 440.262 .................................................................................................9

42 C.F.R. § 460.98(b)(3) ..........................................................................................9

42 C.F.R. § 460.112(a) .............................................................................................9

45 C.F.R. § 92.4 ...................................................................................................2, 6

45 C.F.R. § 92.101 ...............................................................................................2, 11

45 C.F.R. § 92.101(a)(2) ......................................................................................2, 9

45 C.F.R. § 92.302 .............................................................................................11, 12

Final Rule: Frequently Asked Questions, https://www.hhs.gov/civil-rights/for-individuals/section-1557/faqs/index.html#ftn1 (last visited Nov. 25, 2024)...........................9

*Nondiscrimination in Health and Health Education Programs or Activities*
    85 Fed. Reg. 37,160 (June 19, 2020) ............................................... *passim*

*Nondiscrimination in Health Programs and Activities*,
    81 FR § 31,467 (May 18, 2016) ..................................................... *passim*

*Nondiscrimination in Health Programs and Activities*,
    89 Fed. Reg. 37,522 (May 6, 2024) ............................................... *passim*

*Nondiscrimination in Health Programs and Activities*,
    81 Fed. Reg. 31,376 (May 18, 2016) ..................................................2, 6

*Nondiscrimination in Health Programs and Activities*,
    89 FR § 37,699 (May 6, 2024) ............................................................2, 6

*Nondiscrimination in Health Programs and Activities*,
    89 FR § 37,525 (May 6, 2024) ...............................................................7

*Nondiscrimination in Health Programs and Activities*,
    89 FR §37,523 (May 6, 2024) .................................................................9

*Nondiscrimination in Health Programs and Activities*,
    89 FR § 37,702 ......................................................................................11

*Nondiscrimination in Health Programs and Activities*,
    89 FR § 37,523 (May 6, 2024) .............................................................12

## <u>INTRODUCTION</u>

This is a case concerning the fundamental rights of the lesbian, gay, bisexual, transgender, and queer (LGBTQ) community to live free from unlawful discrimination in the provision of health care under the Affordable Care Act ("ACA"), which prohibits discrimination on the basis of sex. In its landmark decision *Bostock v. Clayton County*, 590 U.S. 644 (2020), the U.S. Supreme Court held it unlawful to fire a transgender employee based on gender stereotypes, settling once and for all that discrimination "on the basis of sex" included gender identity, gender expression, and gender-based stereotypes. The Supreme Court's holding in *Bostock* validated the constitutionality of the Obama Administration's 2016 Rules' (defined below) definitions protecting LGBTQ people from gender-based discrimination when receiving health care. Yet days after the announcement of the *Bostock* decision, the Trump Administration published the 2020 Rules (defined below) to rescind those protections. As this put Plaintiff in imminent danger of harm in her receipt of gender-affirming and other medical care for her serious health conditions, Plaintiff sued and this Court temporarily enjoined the 2020 Rules. This case has since been effectively stayed for four years pending what the Defendants promised would be a new rule reinstating the protections of the 2016 Rules.

In 2024, the Biden Administration promulgated the new 2024 Rules (defined below) that—on paper—protect transgender and gender non-conforming individuals from discrimination under the ACA consistent with *Bostock*, but the relevant parts of the 2024 Rules *never took effect*. Incredibly, the government now moves to dismiss this case as moot as "having done its job" while completely ignoring that the 2024 Rules never took effect and the practical impact on Plaintiff, *i.e.*, that she still stands to suffer imminent harm as a transgender woman and veteran of the armed forces. Plaintiff—and the millions of transgender and gender non-conforming people like her—are not political ping pong balls; but rather real people who suffer acute discrimination in the

provision of health care "on the basis of sex" and will continue to suffer without the further intervention of this Court.

As such, but for the preliminary injunction issued by this Court against challenged portions of the 2020 Rules preserving protections afforded in the 2016 Rules, Plaintiff would suffer harm. The 2016 Rules set forth three definitions in 45 C.F.R. § 92.4 that explicitly clarified discrimination "on the basis of sex" included discrimination based on "gender identity" and "sex stereotypes." *See* 81 Fed. Reg. 31,376, 31,467 - 31,468 (May 18, 2016).[1] However, the 2020 Rules were written to eliminate these three definitions, and Plaintiff sued seeking declaratory relief and a preliminary injunction. And this Court stayed and preliminarily enjoined the 2020 Rules from repealing these definitions. (ECF No. 23 at 25-26.) This year, the U.S. Department of Health and Human Services ("HHS") published the 2024 Rules containing proposed provisions to again clarify that discrimination based on gender identity or sex stereotyping is illegal. *See e.g.*, 89 Fed. Reg. 37,522, 37,699 (May 6, 2024) (proposing new 45 § 92.101(a)(2) that would, *inter alia*, prohibit discrimination on the basis of "Gender identity" and "Sex stereotypes"). However, on July 3, 2024, in *Tennessee v. Becerra*, the district court enjoined numerous provisions of the 2024 Rules (including § 92.101) to the extent they "extend discrimination on the basis of sex to include

---

[1] The 2016 Rules defined "**on the basis of sex**" as "includ[ing], but not limited to, discrimination on the basis of pregnancy, false pregnancy, termination of pregnancy, or recovery therefrom, childbirth or related medical conditions, **sex stereotyping, and gender identity**" (emphasis added). 81 Fed. Reg. at 31,467.

It also defined "**gender identity**" to "mean[] an individual's internal sense of gender, which may be male, female, neither, or a combination of male and female, and which may be different from an individual's sex assigned at birth. The way an individual expresses gender identity is frequently called 'gender expression,' and may or may not conform to social stereotypes associated with a particular gender. A transgender individual is an individual whose gender identity is different from the sex assigned to that person at birth." *Id.*

And it defined "**sex stereotypes**" to "mean[] stereotypical notions of masculinity or femininity, including expectations of how individuals represent or communicate their gender to others, such as behavior, clothing, hairstyles, activities, voice, mannerisms, or body characteristics. These stereotypes can include the expectation that individuals will consistently identify with only one gender and that they will act in conformity with the gender-related expressions stereotypically associated with that gender. Sex stereotypes also include gendered expectations related to the appropriate roles of a certain sex." *Id.* at 31,468.

discrimination on the basis of gender identity." Cause No. 1:24cv161-LG-BWR, 2024 WL 3283887, at *14 (S.D. Miss. July 3, 2024). And in *Texas v. Becerra*, another district court also enjoined nationwide parts of the 2024 Rules that would have provided protections from gender-based discrimination. Case No. 6:24-CV-211-JDK, 2024 WL 4490621 (E.D. Tex. Aug. 30, 2024). These nationwide injunctions blocked the relevant portions of the 2024 Rules at issue here from ever taking effect on July 5, 2024. Accordingly, dismissal of this case—without reaching the merits—extinguishes this Court's injunction keeping in place the 2016 Rules protecting Plaintiff from discrimination when accessing medical care. Since the ACA was enacted, the revolving door of promulgated rules, and injunctions of those rules, with each changing administration concerning the rights of the LGBTQ community to be free of discrimination in accessing health care demonstrates why Plaintiff's case is far from moot.

Contrary to the Defendants' arguments, the 2020 Rules remain in effect, pursuant to decisions by various district courts staying or enjoining the 2024 Rules interpretation of discrimination "on the basis of sex" to encompass gender identity-based discrimination. Absent this Court's preliminary injunction preserving the 2016 Rules' protections for gender identity and gender expression-based discrimination, Plaintiff and all other transgender and gender non-conforming Americans would still be subject to the 2020 Rules. Accordingly, the Court's grant of preliminary injunction against the 2020 Rules was and still is critical in offering the Plaintiff relief from imminent harm. In addition, a final ruling on the merits in this case will significantly contribute to resolving the regulatory tug-of-war over whether sex-based discrimination includes gender identity-based discrimination, as *Bostock* has already interpreted the two terms synonymously.

3

Moreover, even if the currently enjoined not-yet-in-effect portions of the 2024 Rules somehow moot this action, Plaintiff meets several exceptions to mootness that allow this case to proceed, namely: (1) the history of the relevant rules at issue show that Plaintiff will likely be subjected to the same harm again; and (2) unless and until the 2024 Rules are effective, the mere promulgation of the 2024 Rules—even with the intent to replace the portions of the 2020 Rules challenged by Plaintiff—does not redress the harms suffered by Plaintiff and provide her with the relief sought in the complaint.

Simply put, rules that are not yet effective cannot replace those that are still "on the books"—no matter how violative of the law they may be. And if this case is moot then the portions of the 2020 Rules originally challenged by Plaintiff in this suit will remain on the books and be fully effective without any remedial rule receiving the power to replace them. Thus, a permanent injunction against the 2020 Rules is critical in offering Plaintiff the relief she sought in the complaint. In sum, Defendants cannot sustain their heavy burden of showing Plaintiff's case is moot, particularly given that the challenged conduct has continued and is likely to continue absent a final ruling on the interpretation of "on the basis of sex" in Section 1557 (as defined below). For the reasons set forth herein, this case presents a live controversy, and the Court should deny Defendants' motion to dismiss.

## **BACKGROUND**

In 2020, Plaintiff[2] sued HHS and other related defendants (hereinafter, "Defendants") challenging the legality of HHS's action to rescind prior interpretations of the scope of critical nondiscrimination protections under Section 1557 of the Affordable Care Act, 42 U.S.C. §18116 ("Section 1557"), including specifically discrimination on the basis of gender identity, defined as

---

[2] Cecilia Gentili, originally a plaintiff in the above-captioned case, passed away on February 6, 2024.

"an individual's internal sense of gender" and "sex stereotyping." *See* Compl. at 5, ECF No. 1. Plaintiff has suffered physical and verbal abuse, substandard care, misgendering, and cultural ignorance when seeking health care. *See id.* She has been refused medical care, shamed by medical professionals, and passed from one medical professional to another when they did not want to treat her. *Id.* at 9–10.

That regulation, *Nondiscrimination in Health and Health Education Programs or Activities, Delegation of Authority*, 85 Fed. Reg. 37,160 (June 19, 2020) ("2020 Rules"), among other things, reversed the federal government's prior position that Section 1557 forbade discrimination against transgender people, implemented broad religious exemptions found nowhere in the text of Section 1557, undid a range of protections to ensure health care access for various classes of individuals, and significantly narrowed the scope of entities covered by Section 1557. *See generally* ECF No. 1, 25–49. Moreover, despite the U.S. Supreme Court's precedent in *Bostock*, 590 U.S. 644 (2020), HHS published the 2020 Rules in the Federal Register just four days *after* the *Bostock* decision. *Bostock* held unequivocally it is unlawful for an employer to fire an individual for being gay or transgender given Title VII's prohibition on sex discrimination. *Id.* at 680. Plaintiff alleges that the 2020 Rules violate the Administrative Procedure Act ("APA") because they are contrary to law, exceed Defendants' statutory authority, are arbitrary and capricious, and violative of the Equal Protection clause. *See* Compl. at 7, 60–68. Plaintiff's Complaint further alleges that the 2020 Rules substantially harm her civil rights and maintains that her injuries can be redressed by an order from this Court declaring the 2020 Rules violative of federal law and enjoining their enforcement. *See id.* Contemporaneously with the filing of the Complaint, Plaintiff filed a motion for a preliminary injunction seeking this Court to enjoin the aspects of the 2020 Rules challenged by Plaintiff. Notably, the 2020 Rules replace the rules

5

promulgated in 2016 under then-President Obama, affording protections from discrimination on the basis of gender identity and sex stereotyping, consistent with widely accepted precedent constituting discrimination "on the basis of sex." *See Nondiscrimination in Health Programs and Activities*, 81 Fed. Reg. 31,376 (May 18, 2016) (the "2016 Rules").

This Court agreed with the Plaintiff and concluded that the 2020 Rules were "contrary to *Bostock* and, in addition, that HHS did act arbitrarily and capriciously in enacting them" and thus granted "a stay and preliminary injunction to preclude the [2020 Rules] from becoming operative." ECF No. 23. The Court came to this conclusion after finding the Plaintiff "ha[s] standing to sue and that [she has] met the legal requirements for preliminary injunctive relief." *Id.* Accordingly, this Court "stay[ed] the repeal of the 2016 definition of discrimination on the basis of sex," which resulted in "the definitions of "on the basis of sex," "gender identity," and "sex stereotyping" set forth in 45 C.F.R. § 92.4 [] remain[ing] in effect." *Id.* Thus, the 2016 Rules' definitions remain in effect, as they have not been further repealed or modified by any subsequent rule. *See id.*

In May 2024, under the current presidential administration, HHS published in the federal register a new regulation, *Nondiscrimination in Health Programs and Activities*, 89 Fed. Reg. 37,522 (May 6, 2024) ("2024 Rules") that purports to substantially restore HHS's interpretation of Section 1557 to the 2016 Rules, which included protections against discrimination in the provision of health care for transgender and gender non-conforming individuals. 89 Fed. Reg. 37,699 (clarifying that "discrimination on the basis of sex" includes discrimination on the basis of (i) sex characteristics, (ii) pregnancy, (iii) sexual orientation, (iv) gender identity, and (v) sex stereotypes). In response to the promulgation of the 2024 Rules, three different challenges to the 2024 Rules

resulted in two nationwide injunctions, and one state-wide injunction, by three separate courts blocking the 2024 Rules from going into effect.[3]

Yet inexplicably, despite the present procedural posture of the 2024 Rules, Defendants argue that this case is moot, asserting that "the 2020 Rule[s] that Plaintiff challenges ha[ve] been replaced." Defs' Mem. Supp. Mot. to Dismiss at 3. But Defendants' brief both disregards (i) the plain text of the 2024 Rules, which explicitly states that the 2020 Rules "remain[] in effect until the effective date" of the 2024 Rules (89 Fed. Reg. 37,525), and (ii) the effect of other pending lawsuits that have stayed the effective date or otherwise enjoined critical parts of the 2024 Rules, including parts that purport to "revise and supersede" provisions of the 2020 Rules that Plaintiff challenges here. These litigations have halted HHS's revised interpretation of sex-based discrimination under Section 1557 to include discrimination on the basis of gender identity and keep in place a variety of other related provisions from the 2020 Rules. As a result, the 2020 Rules' impact persists across the nation and, absent the preliminary injunction issued by this Court and similarly by other courts, could continue to injure Plaintiff.

Accordingly, Defendants' promulgation of the portions of the 2024 Rules that are not yet in effect do not moot Plaintiff's claims and relief from this Court remains necessary to protect Plaintiff's fundamental rights as affirmed by the U.S. Supreme Court in *Bostock*.

## **LEGAL STANDARD**

It is well established that courts do not lightly dismiss cases as moot because federal courts have a "virtually unflagging" responsibility "to hear and decide cases within its jurisdiction." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 167 (2014) (internal quotation marks and

---

[3] Mem. Op. & Order, *Tennessee v. Becerra*, No. 1:24-cv-00161-LG-BWR, 2024 WL 3283887 (S.D. Miss. July 3, 2024), ECF No. 29; Order, *Florida v. U.S. Dep't of Health & Hum. Servs.*, No. 8:24-cv-01080-WFJ-TGW (M.D. Fla. July 3, 2024), ECF No. 41; Mem. Op. & Order, *Texas v. Becerra*, No. 6:24-cv-00211-JDK, 2024 WL 3297147 (E.D. Tex. July 3, 2024), ECF No. 18.

citations omitted); *see also Lexmark Int'l Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125–26 (2014) (same). An issue only becomes moot if intervening events leave the parties without "a legally cognizable interest" in a resolution of those issues. *Powell v. McCormack*, 395 U.S. 486 (1969). And the party seeking to moot the case has the burden of proving that the non-moving party no longer has any legally cognizable interest because "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see Mhany Mgmt., Inc. v. County of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016) (noting that the burden of showing mootness "logically falls on a defendant" because "[t]o abandon the case at an advanced stage may prove more wasteful than frugal"). A case becomes moot only if, assuming the plaintiff prevails, "it is impossible for a court to grant [her] any effectual relief whatever." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (*quoting Knox v. Service Emps. Int'l Union, Local* 1000, 567 U.S. 298, 307 (2012)). The court must assume the plaintiff will "prevail" unless her argument that relief is legally available and that she is entitled to it is "so implausible that it is insufficient to preserve jurisdiction." *Id.* at 174. If there is "any chance" that relief will be effective in securing what she seeks, she has an interest in obtaining it. *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 587 U.S. 370, 377 (2019).

## ARGUMENT

### I.    The Relevant Portions of the 2024 Rules Have Not Yet Taken Effect Thus the Disputed Portions of the 2020 Rules Are Still In Place.

Defendants' mootness argument relies on the false assertion that the "the 2020 Rule[s] that Plaintiff challenges ha[ve] been replaced." This is misleading and inaccurate. Although HHS promulgated the 2024 Rules with the goal of replacing the challenged parts of the 2020 Rules with an effective date of July 5, 2024, the relevant portions of the 2024 Rules have not and cannot replace the 2020 Rules until they take effect, which has not yet occurred (and possibly may never

occur) because of preliminary injunctions issued prior to July 5, 2024, that enjoined many provisions of the 2024 Rules from taking effect on July 5, 2024. In the preamble for the 2024 Rules, HHS directly states that "[t]he *2020 Rule[s] remain[] in effect*, save for the parts enjoined or set aside by courts, *until the effective date* of this final rule. In the meantime, entities that are subject to the 2020 Rule[s] must continue to comply with the parts of the 2020 Rule[s] that remain in effect." 89 Fed. Reg. 37,522, 37,523 (May 6, 2024) (emphasis added). Even HHS's website acknowledges that the relevant portions of the 2024 Rules are not yet effective. *See* Section 1557 Final Rule: Frequently Asked Questions, https://www.hhs.gov/civil-rights/for-individuals/section-1557/faqs/index.html#ftn1 (last visited Nov. 25, 2024) (stating that, for example, the injunction in *Tennessee v. Becerra* "enjoin[s] HHS from enforcing the [2024 Rules] 'to the extent that the final rule provides that 'sex' discrimination encompasses gender identity'") (internal citations omitted).

The fact that the 2020 Rules remain in effect was expressly affirmed by the Courts that enjoined the 2024 Rules. *See Tennessee v. Becerra*, No. 1:24CV161-LG-BWR, 2024 WL 3283887, at *14 (S.D. Miss. July 3, 2024) (staying nationwide the effective date of the 2024 Rules' proposed provisions for 42 C.F.R. §§ 438.3, 438.206, 440.262, 460.98, 460.112; 45 C.F.R. §§ 92.5, 92.6, 92.7, 92.8, 92.9, 92.10, 92.101, 92.206-211, 92.301, 92.303, 92.304); *see also Texas v. Becerra*, No. 6:24-CV-211-JDK, 2024 WL 4490621, at *2 (E.D. Tex. Aug. 30, 2024) (staying nationwide the effective date of the 2024 Rules' proposed provisions for 42 C.F.R. §§ 438.3(d)(4), 438.206(c)(2), 440.262, 460.98(b)(3), 460.112(a); 45 C.F.R. §§ 92.101(a)(2) (and all references to this subsection), 92.206(b), 92.207(b)(3)–(5)); *see also Florida v. Dep't of Health & Hum. Servs.*, No. 8:24-CV-1080-WFJ-TGW, 2024 WL 3537510, at *20 (M.D. Fla. July 3, 2024) (postponing in Florida the effective date of the 2024 Rules' proposed provisions for 45 C.F.R. §§ 92.101(a)(2)(iv), 92.206(b), 92.207(b)(3)–(5), 42 C.F.R. § 438.3(d)(4)).

According to the *Tennessee* court, the effect of its stay was to "***merely preserve the status quo***" – *i.e.,* to preserve the challenged part of the 2020 Rules. *Tennessee v. Becerra*, 2024 WL 3283887, at *12 (emphasis added). Similarly, in granting its stay, the *Texas* court reasoned a preliminary injunction was appropriate because of "the difficulty of restoring the *status quo ante*." *Texas v. Becerra*, No. 6:24-CV-211-JDK, 2024 WL 3297147, at *11 (E.D. Tex. July 3, 2024). A prior rule cannot be superseded until the promulgated rule is deemed effective. *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 583 U.S. 109, 120 n. 5 (2018) (explaining that a case is not moot and the parties retain a "concrete interest" in the outcome to a litigation involving a rule that still "remains on the books"). Although a case can "become[] moot when the government repeals, revises, or replaces [a] challenged law," a court should still "recognize that the controversy remains live" if "there is a substantial likelihood that the offending policy will be reinstated if the suit is terminated[.]" *Ozinga v. Price*, 855 F.3d 730, 734 (7th Cir. 2017) (*citing City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 n.11 (1982) (noting that the case was not moot despite repeal of the challenged statute where the city had announced its intent to reenact the statute if the district court's judgment were vacated)).

Because the preliminary injunctions prevent the relevant portions of the 2024 Rules from becoming effective, Defendants' "replacement" argument fails to meet the burden of proving that the 2024 Rules amount to "interim relief" that has "completely and irrevocably eradicated the effects" of the 2020 Rules, which necessarily means the case is not moot. Furthermore, because the stay and temporary injunctive relief ordered by this Court has "preclude[d] the [2020 Rules] from becoming operative," mooting the case now would result in an end to the temporary stay ordered by this Court, which would effectively revive and fully enact the odious portions of the 2020 Rules that this Court concluded were "contrary to law." Thus, Plaintiff's case is far from

10

moot and there remains a live controversy over the constitutionality of Section 1557's interpretation.

**II.** ***Am. Coll. of Pediatricians v. Becerra* Does Not Apply to This Action.**

Defendants cite a Sixth Circuit case, *Am. Coll. of Pediatricians v. Becerra* ("*ACPeds*"), as an example of "another lawsuit against HHS involving its implementation and enforcement of Section 1557 [that] was mooted by the agency's promulgation of the 2024 Rule[s]." However, the *ACPeds* case is inapposite to the instant action because the *ACPeds* case terminated once all the parties agreed that a non-challenged portion of the 2024 Rules ended the controversy. *See* 45 C.F.R. § 92.302; 89 Fed. Reg. at 37,702 (involving application of Federal religious freedom and conscience laws). Unlike for the portion of the 2024 Rules at issue in *ACPeds*, the Defendants here cannot point to a single provision from the 2024 Rules that already has or assuredly will take effect to moot this dispute. For example, Defendants cannot point to the 2024 Rules' proposal to implement § 92.101 because another Court has stayed the effective date of § 92.101 and enjoined its enforcement nationwide. *Tennessee v. Becerra*, 2024 WL 3283887, at *14. As long as § 92.101 (and all the other provisions against gender-based discrimination in the 2024 Rules) remain enjoined by other Courts, such provisions cannot be compared to the non-challenged portions of § 92.302 that satisfied all the parties in *ACPeds*.

Further, even in its briefing in *ACPeds*, Defendants argued that mootness is only triggered "*[w]hen the Final Rule becomes effective.*" *See* Brief for Appellee, *Am. Coll. of Pediatricians v. Becerra*, No. 23-5053, 2024 WL 2874920, at *12 (6th Cir. May 29, 2024)[4] (emphasis added). Moreover, all parties in *ACPeds* agreed the case would be mooted by § 92.302 taking effect, and

---

[4] This Court may take judicial notice of documents from other court proceedings "to establish the fact of such litigation and related filings" and "not for the truth of the matters asserted in the other litigation." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

no party suggested that the 2020 Rules posed a credible threat in the interim. Unlike Plaintiff in the instant case, the *ACPeds* Plaintiff did not challenge the 2020 Rules. *See Am. Coll. Pediatricians v. Becerra*, No. 23-5053, 2024 WL 3206579, at *1–2 (6th Cir. June 27, 2024). Thus, the proposed provision of the 2024 Rules relevant in *ACPeds*, *i.e.*, § 92.302, became effective on July 5, 2024, without any court enjoining it in any jurisdiction, which was sufficient to resolve the controversy in *ACPeds* to the satisfaction of all the parties involved because the challenged law "ha[d] been sufficiently altered so as to present a substantially different controversy from the one the District Court originally decided[.]" *Id.* at *2 (quoting *Green Party of Tenn. v. Hargett*, 700 F.3d 816, 823 (6th Cir. 2012)).

Defendants' reductive reliance on *ACPeds* fails to consider the factual differences between a fully effective new provision of the 2024 Rules versus the many still unenforceable proposed provisions of the 2024 Rules that are currently enjoined by other courts. Just because different provisions were promulgated together does not also mean that they were all fully effective—and are being implemented—together. Here, the disputed portions of the 2020 Rules relevant to this case have not been "sufficiently altered" like in *ACPeds* because this action involves portions of the 2024 Rules that have not yet taken effect. *See* 89 Fed. Reg. at 37,523; s*ee also Tennessee v. Becerra*, 2024 WL 3283887, at *14; *Texas v. Becerra*, 2024 WL 4490621, at *2; *Florida. v. Dep't of Health & Hum. Servs.*, 2024 WL 3537510, at *20. Plaintiff is aware of the recent order from another court granting Defendants' motion to moot a similar case. *See State of New York v. U.S. Dep't of Health & Hum. Servs.*, Case No. 1:20-cv-05583-AKH (S.D.N.Y. Nov. 12, 2024), ECF No. 196. Plaintiff respectfully disagrees with that court's reliance on the *ACPeds* case. Mere promulgation of the 2024 Rules does not replace the entirety of the 2020 Rules unless and until the enjoined portions are deemed effective. Moreover, promulgation of the 2024 Rules does not

equate to their implementation and enforcement, which can only take place once such rules are effective. The facts in *ACPeds* are entirely distinguishable from Plaintiff's case because the relevant portions of the 2024 Rules at the heart of this litigation were enjoined and therefore are not yet effective. As a result, the 2020 Rules are in effect and Plaintiff continues to suffer potential harm barring this Court's preliminary injunction. Mootness in this case is contingent on the permanent setting aside of the portions of the 2020 Rules directly challenged in the Complaint, and this condition has not yet occurred. Thus, unlike *ACPeds*, this case is very much alive.

## III.    **The Relief Sought in the Complaint Can Still Be Granted to Plaintiff.**

Defendants argue that the promulgation of the 2024 Rules "sufficiently altered" HHS's conduct and that it is now "impossible for [this] court to grant any effectual relief" to Plaintiff. Not true. Given that the portions of the 2020 Rules challenged by Plaintiff are still in effect, Plaintiff can still receive the relief she sought in the Complaint, such as injunctive and declaratory relief to enjoin HHS from enacting, effecting, and implementing the unconstitutional regulations in the 2020 Rules (*see* ECF No. 1 at 68–69.) Although Plaintiff was ready and willing to accept that the 2024 Rules–*if in effect*—resolve this dispute, it is apparent that Plaintiff cannot rely on the 2024 Rules' intended aim as a viable option to fully eradicate the harms caused by the portions of the 2020 Rules still in effect. Since the Court granted the preliminary injunction in this case in August 2020, nothing has happened to "sufficiently alter" the agency's conduct[5] to end the controversy, which means the Court still retains jurisdiction to redress the agency's past arbitrary and capricious conduct in enacting rules contrary to law. If it is truly the case that HHS's conduct has been altered

---

[5] Defendants' recitation of actions HHS has taken since the Court granted the stay, *see* Defs.' Mot. to Dismiss at 2, do not evidence any creation of permanent protections against the kind of arbitrary and capricious conduct that HHS committed when promulgating the 2020 Rules, and the case cannot be moot because Plaintiff can still obtain relief from this court.

by the promulgation of the 2024 Rules, a voluntary stipulation to a permanent injunction would be the best source to evince that reality.

Additionally, mooting the case now would negate the Court's finding that HHS's past conduct promulgating the challenged portions of the 2020 Rules was arbitrary and capricious, and it would leave unresolved the questions raised by Plaintiff about the constitutionality of those same portions of the 2020 Rules. Defendants argue that any other relief would require the Court to issue an advisory opinion. Not so. Advisory opinions are prospective in nature, and Plaintiff is neither asking the Court to speculate about possible future unknown agency conduct nor asking the Court to weigh in on the pending litigations over the 2024 Rules. Instead, Plaintiff is requesting that the Court rule on Defendants' actual past conduct in a way that would also permanently protect Plaintiff (and the many people like her) from HHS repeating the same arbitrary and capricious action of promulgating rules interpreting Section 1557 still in effect that are contrary to law.

## IV.    **Plaintiff's Suit Falls Within Exceptions to the Mootness Doctrine.**

Even if this Court agrees that somehow the portions of the 2024 Rules not yet in effect moot Plaintiff's challenge to portions of the 2020 Rules "still on the books," Plaintiff's claims fall squarely within certain exceptions to the mootness doctrine. For an exception to the mootness doctrine to apply, Plaintiff must either show (i) "there is a reasonable expectation that the same complaining party will be subject to the same action again," *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 692 (2d Cir. 2013), or (ii) "defendant voluntarily ceases the allegedly illegal conduct in an attempt to evade judicial scrutiny." *Kennedy v. Esper*, No. 16-cv-2010 (WWE), 2018 WL 6727353, at *3 (D. Conn. Dec. 21, 2018) (*citing Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir. 1994)). Plaintiff here can show both that (i) her claims are capable of repetition; and (ii) that Defendants' voluntary cessation of the challenged conduct by promulgating the 2024 Rules does

not amount to an unequivocable abandonment of that offending conduct, either one of which is sufficient to defeat mootness.

**A.      The History of the Challenged Portion of the 2020 Rules Show That Plaintiff's Claims are Capable of Repetition.**

Simply reviewing the history of Section 1557 establishes that Plaintiff's claims are capable of repetition and that Plaintiff will be subjected again to the same discrimination allowed under the 2020 Rules. *Compare* Order Modifying Stay, *Texas v. Becerra*, No. 6:24-cv-211-JDK (E.D. Tex. Aug. 30, 2024), ECF No. 41 (granting a nationwide injunction prohibiting certain portions of the 2024 Rules from going into effect) *with* Mem. & Order, *Walker v. Azar*, 480 F. Supp. 3d 417, 430 (E.D.N.Y. 2020), ECF No. 23 (granting Plaintiff's motion for a preliminary injunction against Defendants and the 2020 Rules). Historically, each new presidential administration has interpreted Section 1557's prohibition of discrimination "on the basis of sex" differently, resulting in numerous, conflicting injunctions by different courts. Furthermore, in light of the 2024 presidential election results, there is reason to suspect a return in substance to the 2020 Rules, as they were promulgated under then-and-future-President Trump. But regardless of whether there is a newly promulgated rule like the 2020 Rules by incoming President Trump, the tumultuous changes in interpreting Section 1557 from administration-to-administration leave, Plaintiff—and many others like her—in limbo and vulnerable to discriminatory treatment.

The 2016 Rules enacted by HHS under President Obama provided broad protections to LGBTQ people prohibiting discrimination on the basis of their gender identity when accessing health care. However, a few years later, and just four days after the U.S. Supreme Court's ruling in *Bostock*, the Trump Administration published the 2020 Rules, signaling a change in HHS's interpretation and enforcement of Section 1557. The 2020 Rules deleted several provisions in the 2016 Rules designed to protect LGBTQ people. Notably, the 2020 Rules deleted the definition of

"on the basis of sex," deleted the prohibition of categorical coverage exclusions for transgender care and deleted the requirement that covered entities "treat individuals consistent with their gender identity." This prompted Plaintiff to file suit and seek a preliminary injunction, which this Court granted in August 2020.

Thereafter, HHS under President Biden's administration promulgated the 2024 Rules, in order to implement Section 1557's mandate against discrimination and provide anti-discrimination protections to LGBTQ people seeking health care. As noted above, these portions of the 2024 Rules are not yet effective due to several courts ordering nationwide injunctions enjoining them in whole or in part. Dismissing Plaintiff's claims now, when there has not been a final ruling on the constitutionality of the challenged portion of the 2020 Rules that are still in effect, would be a waste of judicial resources, as Plaintiff would have to refile the same lawsuit, against the same Defendants, seeking the same relief, when the next administration takes control over HHS.

Furthermore, the incoming Trump Administration could abandon the 2024 Rules and reimplement its previous 2020 Rules (or equivalent) that unlawfully permit discrimination against transgender and gender non-conforming individuals. Defendants dismiss this as mere speculation by divorcing the promulgation of yet another new rule (or rather, a return to the 2020 Rules in full) from this fraught history and lack of clear and sustained guidance on Section 1557's prohibition on discrimination.[6] The 2020 Rules rejected the 2016 Rules' interpretation of discrimination "on the basis of sex." The 2024 Rules attempted to return to the 2016 Rule's interpretation. And the incoming Trump Administration could reject or refuse to enforce the 2024 Rules and/or return to

---

[6] *See* Order at 33, *Florida v. U.S. Dep't of Health & Hum. Servs.*, No. 8:24-cv-01080-WFJ-TGW (M.D. Fla. July 3, 2024), ECF No. 41 (noting changes to Section 1557's interpretation as "ever-changing and unstable, buffeted by the prevailing political winds").

its 2020 Rules entirely, which would include enforcing the challenged portions of the 2020 Rules still in effect that permit discrimination against LGBTQ people—like Plaintiff—in health care.

Defendants incorrectly argue that Plaintiff's claims are moot because there must be a notice and comment period before any new rule goes into effect and they cite *Humane Soc'y of the U.S. v. U.S. Dep't of Agric.* in support of this position. 41 F.4th 564, 568 (D.C. Cir. 2022), *reh'g denied*, 54 F.4th 733 (D.C. Cir. 2022). However, Defendants never address that alternatively, the next Trump Administration, rather than promulgating a new rule, could choose not to enforce the 2024 Rules (assuming they ever become effective). Both possibilities leave Plaintiff in the same position—potentially unable to access medical services free from discrimination based on her gender identity.[7]

### B. Defendants' Voluntary Cessation of the Challenged Conduct Through the 2024 Rules Does Not Defeat Plaintiff's Claims.

Defendants argue that there is no ongoing controversy due to HHS's promulgation of the 2024 Rules. *See* Defs' Mot. to Dismiss at 7. Effectively, Defendants assert that the 2024 Rules amount to a substantial change in conduct from what previously existed when Plaintiff filed her lawsuit, *i.e.*, a voluntary cessation of the complained-of conduct. *See id.* Defendants contort Plaintiff's argument to imply that Plaintiff should be satisfied with HHS's promulgation of the 2024 Rules as sufficient to moot her claims. *See id.* (*citing* Letter from Tanya Aspansa-Johnson Walker at 3, ECF No. 40 at 3). However, voluntary cessation of conduct does not moot a claim unless the defendant meets it heavy burden of demonstrating "with assurance that there is no reasonable expectation" that the illegal conduct will recur, and that interim relief has "irrevocably

---

[7] Furthermore, Defendants incorrectly assert that Plaintiff's claims are moot because she can join the Defendants in their challenges to any ongoing cases that have enjoined relevant parts of Section 1557. *See Defs.* Mot. to Dismiss at 6. First, this is irrelevant to the analysis of whether Plaintiff's claims persist as a live case and controversy. Second, the other actions in which Defendants insist Plaintiff submit an amicus brief already enjoined portions of Section 1557 that are at issue in the instant case. And Defendants acknowledge that those portions are stayed from effective implementation. Thus, dismissing Plaintiff's claim is improper because there is a live controversy.

eradicated the effects of the alleged violation." *Comer*, 37 F.3d at 800. Here—for the reasons explained above regarding Section 1557's fraught history from administration to administration—Defendants cannot meet this burden.

The 2020 Rules remain operative because the 2024 Rules have been stayed from implementation due to several nationwide injunctions. It is only as a result of this Court's preliminary injunction against those challenged portions of the 2020 Rules that Plaintiff is arguably protected from discrimination in seeking health care. However, it is only a preliminary injunction and the 2024 Rules, which would have addressed those threats to Plaintiff's efforts to seek health care, are now enjoined. As a result, Plaintiff and many others continue to suffer harm because the 2020 Rules do not explicitly prevent sex and gender identity discrimination. Even assuming the 2024 Rules become effective, as stated above, the next administration is unlikely to keep or enforce the 2024 Rules. Thus, Defendants cannot meet their burden of showing that the challenged misconduct is unlikely to recur.

## <u>CONCLUSION</u>

For these reasons, this Court should reject Defendants' assertion that Plaintiff's claims are moot. Plaintiff respectfully requests the Court further set a date for a scheduling conference for discovery and Plaintiff's forthcoming summary judgment motion.

Dated:   November 25, 2024                Respectfully submitted,


/s/ *Jason E. Starr*                        /s/ *Edward J. Jacobs*
Jason E. Starr                              Edward J. Jacobs
(New York Bar No. 5005194)                  (New York Bar No. 4168126)
*jason.starr@hrc.org*                       *ejacobs@bakerlaw.com*
**HUMAN RIGHTS**                            Kathryn M. Zunno-Freaney
**CAMPAIGN FOUNDATION**                     (New York Bar No. 4572004)
1640 Rhode Island Ave, NW                   *kzunno@bakerlaw.com*
Washington, DC 20036-3278                   Michael A. Sabella
Telephone: (202) 628-4160                   (New York Bar No. 4555504)
Facsimile: (202) 347-5323                   *msabella@bakerlaw.com*
                                            Saidah A. Grimes**
*Counsel for Plaintiff*                     *sgrimes@bakerlaw.com*
*Tanya Asapansa-Johnson Walker*             **BAKER & HOSTETLER LLP**
                                            45 Rockefeller Plaza
                                            New York, New York 10111-0100
                                            Telephone: (212) 589-4200
                                            Facsimile: (212) 589-4201


                                            Gregory A. Tanner**
                                            *gtanner@bakerlaw.com*
                                            **BAKER & HOSTETLER LLP**
                                            1170 Peachtree Street, NE
                                            Suite 2400
                                            Atlanta, Georgia 30309-7676
                                            Telephone: (404) 459-0050
                                            Facsimile: (404) 459-5734

                                            *Counsel for Plaintiff*
                                            *Tanya Asapansa-Johnson Walker*

                                            **Motion for pro hac vice admission forthcoming*

19