**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

TANYA ASAPANSA-JOHNSON WALKER,

                        *Plaintiff*,

           v.

                Civil Action No.
                20-CV-02834 (FB) (SMG)

XAVIER BECERRA, in his official capacity as the
Secretary of the United States Department of Health
and Human Services, and

UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

                      *Defendants*.
-----------------------------------------------------------------x

## DEFENDANTS' REPLY IN SUPPORT OF THEIR ASSERTION OF MOOTNESS

Date of Service: December 16, 2024

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT.........................................................................................................................2

    I. Assuming an Existing Controversy, Walker's Opposition Shows it is Substantially Different from the Controversy that Existed When the Complaint Was Filed ................................................................................................................................2

    II. Any Relief Would be Advisory in Nature...................................................................3

    III. This Case is Moot Because the 2024 Rule is "On the Books."..................................5

    IV. No Exception to the Mootness Doctrine Applies. ....................................................7

      A. Walker Has Not Established that the Mootness Exception for Controversies Capable of Repetition Yet Evading Review Applies.................................................................7

      B. The Voluntary Cessation Exception Does Not Apply ..............................................9

CONCLUSION....................................................................................................................10

**INTRODUCTION**

When "the law that is the basis for the complaint has been replaced by a new law during the case's pendency . . . the case is moot." *Am. Coll. of Pediatricians v. Becerra*, No. 23-5053, 2024 WL 3206579, at \*2 (6th Cir. June 27, 2024) ("*ACP*") (per curiam). By promulgating the 2024 Rule, the United States Department of Health and Human Services ("HHS") has "wiped the slate clean on Section 1557[,]" rendering moot Plaintiff Tanya Asapansa-Johnson Walker's challenge to a prior rule. *Id.* at \*1.

Two district courts recently applied these principles to hold that other challenges to the 2020 Rule were moot. Order, *BAGLY v. HHS*, No. 1:20-cv-11297-PBS (D. Mass. Dec. 6, 2024), ECF No. 185 ("Order"); Order and Opinion Granting Motion to Dismiss, *New York v. HHS*, No. 1:20-cv-05583-AKH (S.D.N.Y. Nov. 12, 2024), ECF No. 196 ("Order and Op."). As the *New York* court explained, "[a]ny opinion regarding the 2020 Rule would be 'merely advisory' and violate Article III's case or controversy requirement." *New York,* Order and Op. at 2 (citation omitted).

This case—the only remaining challenge to the 2020 Rule[1]—is moot for the same reasons. Plaintiff Walker does not dispute that the 2024 Rule is consistent with her view of the law. Rather, she opposes dismissal based entirely on preliminary district court orders that restrain HHS from enforcing certain provisions of the 2024 Rule pending resolution of those cases. But "[t]he fact that some district courts have issued orders preliminarily enjoining parts of the 2024 Rule does not alter the fact that it superseded the 2020 Rule." *New York,* Order and Op. at 2. And Walker's analysis ignores the "relevant question," which focuses on "the defendant's conduct"—not the acts of third-party district courts that HHS has opposed—and whether that "conduct has been sufficiently altered so as to present a substantially different controversy [between the parties] from the one that existed when [this] suit was filed." *Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 815 F.3d 105, 109 (2d Cir. 2016) (cleaned up and citation omitted). "[N]onparties,"

---

[1] Other challenges to the 2020 Rule have been voluntarily dismissed since HHS issued the superseding rule, Notice of Dismissal Pursuant to F.R.C.P. 41(a)(1)(A)(i), *Whitman-Walker Clinic, Inc. v. HHS*, No. 1:20-cv-01630-JEB (D.D.C. Nov. 18, 2024), ECF No. 104; Notice of Voluntary Dismissal, *Chinatown Serv. Ctr. v. HHS*, 1:21-cv-00331-JEB (D.D.C. June 3, 2024), ECF No. 42, or after a determination that the plaintiff lacked standing, *Washington v. HHS*, 482 F. Supp. 3d 1104, 1122 (W.D. Wash. 2020).

including other district courts, "would not be bound by [any] judgment" here. *Haaland v. Brackeen*, 599 U.S. 255, 293 (2023). Walker fails to explain what else she wants HHS to do. This case is moot because any relief Walker is still seeking "would not plausibly alter Defendants' conduct" and would thus be advisory in nature. *BAGLY,* Order at 3. It is also moot because any relief contemplating that HHS will take enforcement actions under Section 1557 in contravention of other court orders is a collateral attack on those orders and thus not an available remedy.

Although Walker's opposition repeatedly gestures toward "challenged parts" of the 2020 Rule that she claims HHS is enforcing, Pl.'s Mem. of Law in Opp'n to Defs.' Assertion of Mootness at 8 ("Pl.'s Mem."), she has "not identified any specific provision of the 2020 Rule that is currently in force," *New York,* Order and Op. at 2. This case is moot and should be dismissed without prejudice.

## ARGUMENT

### I. Assuming an Existing Controversy, Walker's Opposition Shows it is Substantially Different from the Controversy that Existed When the Complaint Was Filed.

Assuming some controversy still exists between the parties—and one does not—this case is still moot under the governing legal standard. Walker focuses on preliminary district court orders preventing HHS from enforcing a handful of provisions of the 2024 Rule. Pl.'s Mem. at 8-11. But that emphasis ignores "[t]he relevant question," which "is whether the defendant's conduct has been 'sufficiently altered so as to present a substantially different controversy from the one' that existed when [this] suit was filed." *Am. Freedom Def. Initiative*, 815 F.3d at 109 (citation omitted). As Defendants explained in their opening brief, that standard is met. Mem. in Supp. of Defs.' Assertion of Mootness at 5-9.

Walker's opposition fails to engage with that standard. The 2024 Rule renders this an entirely different case than the one filed in 2020. For example, Walker's suggestion that she is entitled to an order compelling HHS to take enforcement actions under provisions of the 2024 Rule, *see* Pl.'s Mem. at 17 (noting that HHS "could choose not to enforce the 2024 Rules")—even though HHS is required to comply with other courts' orders precluding those enforcement

actions—raises a host of issues that are not properly before the Court based on the allegations in the operative complaint. *See, e.g., United States v. Texas*, 599 U.S. 670, 678-81 (2023). "These new attacks on [HHS's] conduct are 'qualitatively different' from those contained in [Walker's] complaint and reflect the formation of a sufficiently different controversy for mootness purposes." *Am. Freedom Def. Initiative*, 815 F.3d at 110 (citation omitted).[2]

## II.      Any Relief Would Be Advisory in Nature.

Walker's arguments disregard the Court's duty not to issue an advisory opinion. Citing no authority as to what constitutes such an opinion, Walker argues that litigating this case would not lead to one because "[a]dvisory opinions are prospective in nature, and [she] is neither asking the Court to speculate about possible future unknown agency conduct nor asking the Court to weigh in on the pending litigations over the 2024 Rules." Pl.'s Mem. at 14. But these factors are not determinative. Rather, if the Court's judgment, as a practical matter, "would accomplish nothing" to change a defendant's immediate conduct, it "amount[s] to exactly the type of advisory opinion Article III prohibits." *Larsen v. U.S. Navy*, 525 F.3d 1, 4 (D.C. Cir. 2008). "[A] request for a declaratory judgment as to a past violation cannot itself establish a case or controversy to avoid mootness." *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 394-95 (2d Cir. 2022). "The real value of the judicial pronouncement—what makes it a proper judicial resolution of a 'case or controversy' rather than an advisory opinion—is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff*." *Rhodes v. Stewart*, 488 U.S. 1, 3-4 (1988) (citation omitted).

Walker nowhere explains how any relief would affect HHS's conduct towards her or anyone else. For example, Walker could not expect HHS to respond to a declaratory judgment, an injunction, or a vacatur order with respect to the 2020 Rule with additional investigation or new

---

[2] Moreover, Walker's narrow focus on the few provisions of the 2024 Rule that HHS may not enforce due to other courts' orders ignores the full scope of this case. Walker argues that she raised claims involving "broad religious exemptions found nowhere in the text of Section 1557," a "range of [provisions] to ensure health care access for various classes of individuals," and the 2020 Rule's "significant[] narrow[ing of] the scope of entities covered by Section 1557." Pl.'s Mem. at 5. Walker does not dispute that the 2024 Rule superseded each provision associated with these claims and that no district court order precludes HHS from enforcing the 2024 Rule's provisions in these areas. For that reason as well, this is "a substantially different controversy from the one that existed when [the] suit was filed." *Am. Freedom Def. Initiative*, 815 F.3d at 109 (cleaned up).

rulemaking. *See Biden v. Texas*, 597 U.S. 785, 808 (2022). HHS already did that. On May 6, 2024, HHS promulgated the 2024 Rule, which is consistent with Walker's view of the law.

Nor is relief available to guide a hypothetical future rulemaking. Walker says that she is entitled to relief to prevent HHS from "repeating the same arbitrary and capricious action of promulgating rules interpreting Section 1557[.]" Pl.'s Mem. at 14. But even when an agency announces its intent to propose new regulations—which HHS has not done here—a court may not "issue an advisory opinion to guide the Secretary's rulemaking." *Alaska v. USDA*, 17 F.4th 1224, 1228 (D.C. Cir. 2021) (citation omitted). Nor may it "take the 'wholly novel' action of 'review[ing] regulations not yet promulgated.'" *Id.* at 1229 (quoting *EPA v. Brown*, 431 U.S. 99, 104 (1977)).

Nor has Walker explained how her proposed relief would affect HHS's enforcement of Section 1557 at all. Consider if this Court entered a judgment against HHS in favor of Walker declaring that HHS's promulgation of the 2020 Rule violated the Administrative Procedure Act ("APA") or "vacating" some provision of the 2020 Rule. If Walker thereafter files a complaint with HHS's Office for Civil Rights alleging that her health care provider has violated Section 1557 by subjecting her to discrimination on the basis of gender identity, HHS would not be permitted to take enforcement action against that provider without violating district court orders in other cases. That is because the 2024 Rule, not the 2020 Rule, is on the books, *see infra* at 5-7, and, for example, HHS is presently preliminarily enjoined "nationwide from enforcing, relying on, implementing, or otherwise acting pursuant to the [2024 Rule] to the extent that the [2024 Rule] provides that 'sex' discrimination encompasses gender identity [discrimination]." *See* Preliminary Injunction at 2, *Tennessee v. Becerra*, No. 1:24-cv-00161-LG-BWR (S.D. Miss. July 3, 2024), ECF No. 30. HHS must obey that command. *Pasadena City Bd. of Educ. v. Spangler*, 427 U.S. 424, 439-40 (1976). Walker's proposed relief would not affect any of that. It "would be essentially advisory in nature." *Georgia v. Wheeler*, No. 2:15-cv-00079, 2020 WL 6948800, at *3 (S.D. Ga. Jan 3, 2020).

Insofar as Walker is seeking an order that would force HHS to implement the law and process her complaints in a manner that would violate other courts' injunctive orders, that would constitute a "collateral attack" on those orders, which is not an available remedy. *Celotex Corp. v.*

4

*Edwards*, 514 U.S. 300, 313 (1995); *Miller v. Benson*, 68 F.3d 163, 165 (7th Cir. 1995). Walker claims that it is "irrelevant" that she can challenge those orders. Pl.'s Mem. at 17 n.7. But she cannot seek relief from the impact of those orders from this Court. Rather, those orders must be attacked through the orderly review process of objection and appeal. *Celotex Corp.*, 514 U.S. at 313.

### III.    This Case is Moot Because the 2024 Rule is "On the Books."

"When a plaintiff's complaint is focused on a particular statute, regulation, or rule and seeks only prospective relief, the case becomes moot when the government repeals, revises, or replaces the challenged law and thereby removes the complained-of defect." *Ozinga v. Price*, 855 F.3d 730, 734 (7th Cir. 2017). By promulgating the 2024 Rule, HHS has done just that. In seeking to undermine that principle, Walker cites authority framing the issue is whether the 2020 Rule or the 2024 Rule is "on the books." Pl.'s Mem. at 10 (citation omitted). Undoubtedly, the entirety of the 2024 Rule, which superseded the 2020 Rule, is on the books. "Like an enacted statute, which becomes 'valid law' once enacted even if not yet 'effective,' . . . a duly prescribed rule is law even if it sets a future effective date." *Humane Soc'y of the U.S. v. USDA*, 41 F.4th 564, 571 (D.C. Cir. 2022) (citation omitted). Because "the law that is the basis for the complaint has been replaced by a new law during the case's pendency," this case is moot. *ACP*, 2024 WL 3206579, at *2. HHS has "'deal[t] with the problem afresh' by taking *new* agency action." *See Biden*, 597 U.S. at 808 (quoting *Dep't of Homeland Sec. v. Regents of Univ. of Cal.*, 591 U.S. 1, 21 (2020)).

Walker's opposition fails to rebut these principles. Although she points out that district court orders preliminarily restrain HHS from enforcing certain provisions of the 2024 Rule, Pl.'s Mem. at 9, she does not identify any specific provisions from 45 C.F.R Part 92 that were on the books between 2020 and spring 2024 that HHS is enforcing in place of those provisions.[3] That failure is unsurprising given that the gravamen of her Complaint was not that HHS was invalidly

---

[3] The D.C. Circuit has criticized the practice—adopted by Walker—of "generally [referring] to 'the rules' without, in many instances, providing any citations to the C.F.R." *See Nat'l Mining Ass'n v. U.S. Dep't of Interior*, 251 F.3d 1007, 1010 (D.C. Cir. 2001). That practice—prejudicial to Defendants—makes it "no small task" to respond to Walker's assertions that HHS is enforcing something on the books between 2020 and spring 2024 in a manner that is injuring her. *See id.*

enforcing any specific provision of the 2020 Rule, but that the 2020 Rule had "deleted several provisions" that had, before 2020, been on the books. Pl.'s Mem. at 15. In any event, the fact that HHS may not enforce certain provisions of the 2024 Rule pursuant to various courts' preliminary orders does not mean that the 2024 Rule itself did not "wipe[] the slate clean on Section 1557." *ACP*, 2024 WL 3206579, at *1.[4] Any harm is thus a result of other courts' orders and not a relic of some unidentified portion of the rules that had been on the books before spring 2024. *Cf. Am. Freedom Def. Initiative*, 815 F.3d at 110. Walker cites no district court order which, like this Court's stay of the repeal of certain provisions of the 2016 Rule, "stays the repeal" of anything in the 2020 Rule. *See Walker v. Azar*, 480 F. Supp. 3d 417, 430 (E.D.N.Y. 2020).

Walker cites no authority to support her theory that other court orders preliminarily restraining enforcement of a superseding rule render a lawsuit challenging the original rule still live. She relies on only one case—*National Association of Manufacturers v. Department of Defense*, 583 U.S. 109 (2018) ("*NAM*")—finding that a challenge to an agency rule was not mooted by further agency action. Pl.'s Mem. at 10. But the further agency action at issue in *NAM* was a proposed rule. *NAM*, 583 U.S. at 120 n.5. The 2024 Rule is not a proposed rule.

Moreover, *NAM* does not advance Walker's argument. *NAM* involved a challenge to a 2015 Environmental Protection Agency ("EPA") Rule defining the statutory term "waters of the United States." Final Rule, *Clean Water Rule: Definition of "Waters of the United States,"* 80 Fed. Reg.

---

[4] Walker's opposition mischaracterizes the *ACP* litigation as addressing a different "portion of the 2024 Rules" than the unspecified portion of the 2020 Rule at issue in this case. Pl.'s Mem. at 11. In fact, the *ACP* plaintiffs brought suit in response to HHS's "'Notification of Interpretation and Enforcement' declaring that HHS interprets Section 1557 as prohibiting gender identity discrimination," *ACP,* 2024 WL 3206579, at *1 (citing 86 Fed. Reg. 27,984-02, 27,984 (May 25, 2021) ("*Bostock* Notification")). That notification, in turn, was based on "the plain language of Title IX" and "Section 1557," which "prohibits discrimination on the grounds prohibited under . . . Title IX," 86 Fed. Reg. at 27,985, in the same manner as the provisions formally codified at 45 C.F.R. § 92.2 (2020). *Accord Washington*, 482 F. Supp. 3d at 1114 n.8. Thus, Walker's assertion that the *ACP* plaintiffs "did not challenge the 2020 Rules," Pl.'s Mem. at 12, is misleading. They challenged a notification that HHS issued within the legal landscape of 45 C.F.R. § 92.2 (2020) before that provision was superseded by the promulgation of the 2024 Rule. Walker also wrongly asserts that promulgation of 45 C.F.R. § 92.302 (2024) satisfied the *ACP* plaintiffs. Pl.'s Mem. at 12. After *ACP* was dismissed, however, the *ACP* plaintiffs separately sued HHS challenging 45 C.F.R. 92.101(a)(2)(iv) (2024) in two lawsuits where they have argued that they are entitled to relief against the 2024 Rule notwithstanding § 92.302. *Florida v. HHS*, No. 8:24-cv-1080 (M.D. Fla. May 6, 2024) (joining one *ACP* plaintiff); *Missouri v. Becerra*, No. 4:24-cv-00937 (E.D. Mo. July 10, 2024) (joining the other *ACP* plaintiff). Rather, as the *ACP* court explained, HHS's promulgation of the 2024 Rule "wiped the slate clean" on all that came before, requiring the *ACP* plaintiffs to start over again by challenging the regulation that is currently on the books. *ACP,* 2024 WL 3206579, at *1.

37,054 (June 29, 2015) ("2015 WOTUS Rule"). At the time the Supreme Court decided *NAM*, EPA had not been enforcing the 2015 WOTUS Rule because the Sixth Circuit stayed its enforcement nationwide and a federal district court had enjoined the Rule's enforcement in thirteen states. Proposed Rule, *Definition of "Waters of the United States"—Addition of an Applicability Date to 2015 Clean Water Rule*, 82 Fed. Reg. 55,542, 55,543 (Nov. 22, 2017). In 2017, EPA issued two proposed rules. One proposed rescinding and replacing the 2015 WOTUS Rule. Proposed Rule, *Definition of "Waters of the United States"—Recodification of Pre-Existing Rules*, 82 Fed. Reg. 34,899 (July 27, 2017). The other proposed to change the effective date of the 2015 WOTUS Rule, pushing it back several years. 82 Fed. Reg. at 55,542-43. In *NAM*, the Supreme Court implicitly suggested that challenges to the 2015 WOTUS Rule would likely be mooted if EPA finalized the proposal to rescind and replace the challenged 2015 WOTUS Rule. *See NAM,* 583 U.S. at 120 n.5. On the other hand, the Court opined that challenges to the 2015 WOTUS Rule would remain live if EPA finalized the proposed rule that "simply delays the WOTUS Rule's effective date" because the 2015 WOTUS Rule itself would remain "on the books." *Id.*

Here, HHS has not merely delayed the effective date of the 2020 Rule that Walker challenges; it has finalized the 2024 Rule to rescind and replace the 2020 Rule. Under *NAM*, Walker's challenge to the 2020 Rule is thus moot; it is sufficient that HHS has issued a new rule to rescind and replace the rule that she challenges. Indeed, in *ACP*, after the 2024 Rule was duly prescribed but before its effective date, the Sixth Circuit concluded that the 2024 Rule rendered moot those plaintiffs' challenge to HHS's Notification of Interpretation. *ACP*, 2024 WL 3206579, at *1-2. Thus, Walker's challenge here to the 2020 Rule is similarly moot. *See id.*

## IV.    No Exception to the Mootness Doctrine Applies.

### A.    Walker Has Not Established that the Mootness Exception for Controversies Capable of Repetition Yet Evading Judicial Review Applies.

The mootness exception for controversies capable of repetition, yet evading review, is not applicable. This exception "'applies only in exceptional situations' . . . 'where the following two circumstances [are] simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that

7

the same complaining party [will] be subject to the same action again[.]'" *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (citations omitted). Walker has shown neither of these conditions.

First, Walker entirely fails to show that a new rule repromulgating provisions of the 2020 Rule would evade review. If HHS were to change course and promulgate a new rule reflecting the policies embodied in the 2020 Rule, "the regulation will be reviewable at that time." *Alaska*, 17 F.4th at 1228 (citation omitted). Again, the Court may "not take the 'wholly novel' action of 'review[ing] regulations not yet promulgated.'" *Id*. (quoting *Brown*, 431 U.S. at 104). *See N.Y. City Emps.' Ret. Sys. v. Dole Food Co.,* 969 F.2d 1430, 1435 (2d Cir. 1992); *BAGLY,* Order at 4. A challenge to a regulation is not an "inherently transitory" claim. *Cruz v. Farquharson*, 252 F.3d 530, 535 (1st Cir. 2001). While this lawsuit is moot because HHS promulgated a superseding regulation, that is fundamentally different from the sorts of claims that have been found to evade review due to the transitory nature of plaintiffs' injuries (e.g., in cases involving strikes or pregnancies). *See, e.g., Conyers v. Reagan*, 765 F.2d 1124, 1128 (D.C. Cir. 1985). An agency's rule could last indefinitely, allowing ample time for judicial review. *See Fox v. Bd. of Trustees of State Univ. of N.Y.*, 42 F.3d 135, 143 (2d Cir. 1994) ("four-year span" sufficient time for litigation). Just because this case is moot does not mean that Walker's claims are among the types of claims satisfying this prong. *See Cruz*, 252 F.3d at 535; *Conyers*, 765 F.2d at 1128.

Second, even if HHS were to change course and promulgate a new rule reflecting some policy embodied in the 2020 Rule, that would not mean that Walker would be "subject to the same action"—the 2020 Rule—"again[.]" *Spencer*, 523 U.S. at 17. That would give rise to a new challenge to a new rule based on a new administrative record. *Infra* at 10. Walker independently fails to show the second prong because the outcome of any future rulemaking is speculative. *Id*.; *Dennin v. Conn. Interscholastic Athletic Conf., Inc.*, 94 F.3d 96, 101 (2d Cir. 1996).[5]

---

[5] Walker argues that the incoming administration "rather than promulgating a new rule, could choose not to enforce the 2024 Rules." Pl's Mem. at 17. But exercising enforcement discretion in that manner is not the same action as enforcing some unidentified provision of the 2020 Rule. The relief sought in the operative complaint—enjoining enforcement of the 2020 Rule, declaring that the 2020 Rule is invalid, or vacating the 2020 Rule—would in no way preclude HHS from exercising that type of hypothetical enforcement discretion. Compl., Prayer for Relief.

### B.       The Voluntary Cessation Exception Does Not Apply.

The "voluntary cessation" exception to mootness "does not apply" when the ceased conduct "was not abandoned as a strategic litigation ploy." *E.I. Dupont de Nemours & Co. v. Invista B.V.*, 473 F.3d 44, 47 (2d Cir. 2006). The Second Circuit has rejected the "characterization" of a newly promulgated "regulation as a last-minute attempt to evade federal court jurisdiction." *Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo*, 981 F.2d 50, 59 (2d Cir. 1992).[6]

What HHS has accomplished by completing new rulemaking "is more accurately characterized as the provision of appropriate relief . . . than as the 'cessation of illegal conduct.'" *Nat. Res. Def. Council v. U.S. Nuclear Regul. Comm'n*, 680 F.2d 810, 814 n.8 (D.C. Cir. 1982). In this context, rescinding and replacing a rule by publishing a new notice-and-comment rule is enough, standing alone, to satisfy the Government's burden to show that a challenge to the original rule is moot. *Alaska*, 17 F.4th at 1227-30, 1229 n.5; *ACP*, 2024 WL 3206579, at *2 ("Because HHS promulgated the 2024 rule through a multiyear notice-and-comment process, we see little basis for applying the voluntary-cessation doctrine to preserve the justiciability of this case."); *see also Miller*, 68 F.3d at 165.[7]

Even if the 2024 Rule were deemed "voluntary cessation," the case would still be moot. "Courts will find a case moot after voluntary cessation of challenged conduct where '(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *New York v. Raimondo*, No. 1:19-cv-09380-MKV, 2021 WL 1339397, at *2 (S.D.N.Y.

---

[6] Walker does not argue that HHS's promulgation of the 2024 Rule was a strategic ploy to avoid this litigation, nor could she. HHS issued the 2024 Rule "to better align the Section 1557 regulation with the statutory text of 42 U.S.C. 18116, to reflect recent developments in civil rights case law, to address unnecessary confusion in compliance and enforcement resulting from the 2020 Rule, and to better address issues of discrimination that contribute to negative health interactions and outcomes," not for the purpose of mooting this case or any others. Proposed Rule, *Nondiscrimination in Health Programs and Activities*, 87 Fed. Reg. 47,824, 47,829 (Aug. 4, 2022).

[7] At most, the burden then shifts to Walker to show "evidence of bad faith," *M.W. ex rel. Hope W. v. U.S. Dep't of Army*, No. 16-CV-04051-LHK, 2017 WL 10456732, at *6 (N.D. Cal. Dec. 15, 2017) (citation omitted), *aff'd on appeal sub nom. Am. Diabetes Ass'n v. U.S. Dep't of Army*, 938 F.3d 1147 (9th Cir. 2019)—that the new rule was promulgated only "to secure a dismissal" and with an intent to return to the old policy "when the judge is out of the picture," *see Bos. Bit Labs v. Baker*, 11 F.4th 3, 10 (1st Cir. 2021) (citation omitted). *See also Alaska*, 17 F.4th at 1229 n.5. Walker comes nowhere close to satisfying that burden, as she does not question that HHS promulgated the 2024 Rule in good faith.

Apr. 9, 2021) (citation omitted). Those standards are met where, as here, an agency has "completely revised its regulations though proper procedures," *id.* at *3 (citation omitted), and thus has "officially abandoned" the challenged rule, *see Rivers v. Doar*, 638 F. Supp. 2d 333, 338 (E.D.N.Y. 2009). "As the Second Circuit has explained, 'deference to the [government's] decision to amend is the rule, not the exception.'" *Raimondo*, 2021 WL 1339397, at *3 (citation omitted).

"A defendant satisfies its burden where it shows that the possibility of recurrence is merely 'speculative.'" *Dark Storm Indus. LLC v. Hochul*, No. 20-2725-cv, 2021 WL 4538640, at *1 (2d Cir. Oct. 5, 2021) (citation omitted). And because HHS would have to "proceed through notice-and-comment rulemaking" to further amend its Section 1557 regulations, the "content of any future regulation is currently unknowable." *See Alaska*, 17 F.4th at 1229, 1229 n.5. *See also Rivers*, 638 F. Supp. 2d at 338. In any event, promulgation of a new rule reflecting the policies embodied in the 2020 Rule would give rise to a new challenge to a different rule based on a new administrative record; it would not resurrect a challenge to the 2020 Rule. *See The Fund for Animals v. Norton*, 390 F. Supp. 2d 12, 15 (D.D.C. 2005) ("[A] new 'final agency action' resulting from an entirely new rule making process" is "based upon a different administrative record[.]").

As to the second prong, Walker has not identified any ongoing effects from the 2020 Rule. Again, she does not point to any specific provision of the rule that remains in force and injures her. *See Am. Freedom Def. Initiative*, 815 F.3d at 110; *supra* at 5. Any ongoing harm would be a consequence of other courts' orders that prevent HHS from enforcing certain provisions of 45 C.F.R Part 92 that are now on the books, not any action of HHS. *See Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 72 (1983) (case moot when injury turns on "acts of third party non-defendant").

## CONCLUSION

HHS has promulgated a rule that supersedes all of the provisions of the 2020 Rule that Walker challenges in this case. Accordingly, her challenge to the 2020 Rule is moot, and this case should be dismissed without prejudice.

Dated: December 16, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

*/s/ Liam C. Holland*
LIAM C. HOLLAND
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Washington, D.C. 20005
Tel.: (202) 514-4964
Fax: (202) 616-8470
Email: liam.c.holland@usdoj.gov

*Attorneys for Defendants*

11